■ CHASE MANHATTAN BANK, N. A., et al., Respondents, v THE TRAVELERS GROUP, INC., et al., Appellants, et al., Defendants. [702 NYS2d 60] —Order and judgment (one paper), Supreme Court, New York County (Jane Solomon, J.), entered February 4, 1999, which granted plaintiffs' motion for summary judgment seeking a declaration that The Travelers Group must indemnify plaintiffs for the entire amount of the judgment in an underlying personal injury action and which denied The Travelers Group's cross-motion for summary judgment or, in the alternative, for an order compelling disclosure, unanimously modified, on the law, plaintiffs' motion denied, and otherwise affirmed, without costs.

The Travelers Group issued a workers' compensation and employers liability policy to FTJ Environmental, Inc., headquartered in Orange, New Jersey. Two FTJ employees were injured while removing asbestos from a building owned by Chase Manhattan Bank in New York City and they subse-

---

quently recovered a judgment against Chase Manhattan Bank, Edward Gordon Co., and LVI Environmental Services for $2.3 million. The employers liability policy provides coverage for the type of personal injury action based on Labor Law § 240 brought by the FTJ employees but expressly states that "[t]he employment must be necessary or incidental to [FTJ's] work in a state or territory listed in item 3.A. of the Information Page." Item 3.A. lists New Jersey. Policy coverage was thus expressly conditioned upon a showing that the work of the FTJ employees in New York City was necessary or incidendal to FTJ's work in New Jersey. Item 3.B. of the Information Page limits coverage to $100,000 per accident.

An insured has the burden of proving that the provisions of a policy provide coverage (*Borg-Warner Corp. v Insurance Co.*, 174 AD2d 24, 31, *lv denied* 80 NY2d 753). Standing in the shoes of FTJ as judgment creditor, plaintiffs must demonstrate that the policy provided coverage for the loss. There is nothing in the record which indicates that the work in New York City was "incidental or necessary" to work in New Jersey. Plaintiffs have not met the burden of establishing that the losses were covered under the policy. This factual issue alone requires modification. Furthermore, the order appealed from directed Travelers to indemnify for the entire amount of the judgment, i.e., $2.3 million, although the policy limits are $100,000 for each accident. An appeal from a grant of summary judgment permits a searching of the record and since there is no basis to support an award in excess of the stated policy limits, plaintiffs were not, in any event, entitled to summary judgment as entered. Concur—Williams, J. P., Ellerin, Wallach, Buckley and Friedman, JJ.