■ CHASE MANHATTAN BANK, N.A., et al., Appellants, v TRAVELERS GROUP, INC., et al., Respondents, et al., Defendants. [743 NYS2d 867] —Order, Supreme Court, New York County (Jane Solomon, J.), entered April 3, 2001, which, in this action seeking, inter alia, a declaration as to whether defendants-respondents The Travelers Group, Inc., The Travelers Insurance Company and Travelers Insurance Companies (collectively, the Travelers defendants) were obligated under the subject workers' compensation and employers' liability insurance policy

to indemnify defendant FTJ Environmental, Inc. (FTJ) for its liability in the underlying personal injury action, granted the motion of the Travelers defendants for summary judgment dismissing the complaint, unanimously modified, on the law, to declare in the Travelers defendants' favor that they were not obligated under the subject policy to indemnify FTJ in the underlying action, and otherwise affirmed, without costs.

The Travelers defendants were not precluded from moving for summary judgment by this Court's decision denying their prior motion for the same relief (269 AD2d 107) since that decision was premised on the assumption that the parties would engage in further discovery.

We indicated on the prior appeal that the Travelers defendants could be obligated under the subject policy for indemnifying FTJ in the underlying action only if the work being performed by the plaintiffs in that action, at the time of their injury in New York City, was "necessary or incidental" to work of the Travelers defendants' insured, FTJ, in New Jersey (see, id. at 108). After the conduct of discovery on that issue, the motion court properly found that the Travelers defendants met their burden as summary judgment movants to demonstrate, prima facie, the absence of any triable issue as to whether the work being performed in New York City was, in fact, necessary or incidental to the work of the FTJ in New Jersey and that plaintiffs failed to meet their consequent burden to adduce evidence raising a material factual issue as to the relationship between the subject work in New York City and FTJ's work in New Jersey. Accordingly, summary judgment was properly granted to the Travelers defendants (see, Zuckerman v City of New York, 49 NY2d 557, 562). However, inasmuch as a declaration of the parties' rights and obligations was sought, we modify solely to declare in the Travelers defendants' favor (see, Lanza v Wagner, 11 NY2d 317, 334). Concur—Mazzarelli, J.P., Rosenberger, Lerner and Marlow, JJ.