■ HARTFORD UNDERWRITERS INSURANCE COMPANY, Respondent, v AMERICAN INTERNATIONAL GROUP, INC., et al., Appellants. [751 NYS2d 175] —Order, Supreme Court, New York

County (Milton Tingling, J.), entered April 19, 2001, which granted plaintiff's motion for summary judgment declaring that defendants are required to defend and indemnify plaintiff's insured, BFM Contracting Corp., in an underlying personal injury action, unanimously reversed, on the law, without costs, to grant defendants' cross motion for summary judgment declaring that defendants are not required to defend and indemnify plaintiff's insured BFM Contracting Corp.

In 1993, the New York City School Construction Authority (the Authority) solicited bids for a construction project to modernize Prospect Heights High School in Brooklyn (the Project). The Authority engaged in a "wrap-up" insurance program to insure that those with contracts and subcontracts to work on its projects had workers' compensation and employers' liability insurance. Under this program, underwritten by defendant AIU Insurance Company (AIU), participants were each issued a workers' compensation and employers' liability policy. Premiums were based on the contractors' annual payroll and other employee remuneration.

The Authority accepted the bid of and entered into a contract with Volmar Construction Corp. (Volmar) to act as general contractor on the Project. Volmar entered into a subcontract with Horn Maintenance Corp. (Horn), which was to perform all masonry and certain roofing work on the Project. The subcontract prohibited Horn from subcontracting any part of the work without Volmar's prior written approval.

On December 20, 1994, Sjur Stephen Madsguard, an employee of BFM Contracting Corp. (BFM), was injured while working on the Project. Several months later, plaintiff Hartford Underwriters Insurance Co. began paying Madsguard workers' compensation benefits based on his employment with its insured BFM. In April, 1995, Madsguard commenced the underlying personal injury action, and BFM was brought in as a third-party and second third-party defendant.

Plaintiff commenced this action seeking a declaration that defendants insured BFM and were required to defend and indemnify BFM in the underlying personal injury action. Plaintiff moved for, inter alia, summary judgment, and defendants cross-moved for, inter alia, a judgment declaring that they were not required to defend or indemnify BFM. The Supreme Court granted plaintiff's motion finding, inter alia, that the policy was clear on its face as to whom coverage was extended. We now reverse.

Both defendants American International Group, Inc., and National Union Fire Insurance Company of Pittsburgh, PA

met their burden on summary judgment by presenting competent evidence that they did not issue any wrap-up insurance policy to the Authority. In opposition, plaintiff failed to submit any evidence to the contrary. Accordingly, the Supreme Court erred in denying that branch of the cross motion to dismiss the complaint insofar as asserted against them and to declare that neither was obligated to defend and indemnify BFM (*see* CPLR 3212).

Although AIU issued the wrap-up policy, plaintiff failed to sustain its burden of proof on the motion that BFM was covered under that policy (*see Chase Manhattan Bank v Travelers Group*, 269 AD2d 107, 108). Moreover, plaintiff failed to raise a triable issue of fact that coverage under the wrap-up policy extended to all contractors and subcontractors and not just those who enrolled in the program. Indeed, "[a]ny interpretation of an insurance contract implicates as a standard 'the reasonable expectation and purpose of the ordinary businessman when making an ordinary business contract' " (*Matter of Midland Ins. Co.*, 269 AD2d 50, 59, quoting *Atlantic Cement Co. v Fidelity & Cas. Co.*, 91 AD2d 412, 418, *affd* 63 NY2d 798). Here, plaintiff submitted no evidence that either the Authority or AIU had any reasonable expectation that unknown entities performing work on the Project would be covered by a wrap-up policy without the payment of any premiums on their behalf or notification to the Workers' Compensation Board of the policy's issuance as required by 12 NYCRR 300.31. Furthermore, plaintiff failed to raise a triable issue of fact that BFM was a valid subcontractor on the Project as Volmar did not give prior written approval for Horn to subcontract with BFM. Moreover, plaintiff failed to provide any evidence of a written agreement between Horn and BFM, and plaintiff does not dispute that BFM did not seek coverage under the Authority's wrap-up program. In contrast, AIU presented evidence in competent form regarding the procedure that it and the Authority followed to effect coverage under the wrap-up policy and that BFM was not enrolled in the program. Thus, the Supreme Court should have entered judgment in favor of AIU as well as the other defendants.

We need not reach defendants' remaining contentions in light of our determination. Concur—Williams, P.J., Nardelli, Mazzarelli, Marlow and Gonzalez, JJ.