ZURICH AMERICAN INSURANCE Co., Respondent, v LUIS BASTOS CONSTRUCTION et al., Defendants, and A.P. ROOFING & SIDING CORP., Appellant. [770 NYS2d 628]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Luis Bastos Construction, in an underlying action entitled *Cruz v A.P. Roofing & Siding Corp.,* pending in the Supreme Court, Westchester County, under Index No. 00-16320, the defendant A.P. Roofing & Siding Corp. appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (LaCava, J.), entered November 13, 2002, which granted the plaintiff's motion for summary judgment, declared, in effect, that the plaintiff is not obligated to defend or indemnify Luis Bastos Construction, Inc., in the underlying action, and denied its cross motion for summary judgment declaring that the plaintiff was obligated to defend and indemnify Luis Bastos Construction, Inc., in the underlying action.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff Zurich American Insurance Co. (hereinafter Zurich) issued a workers' compensation/employers' liability insurance policy to the defendant Luis Bastos Construction, Inc. (hereinafter Bastos), a New Jersey corporation. While the policy was in effect, the defendant Hermilo Cruz, one of Bastos's employees, was seriously injured while working on a job in New York that had nothing to do with any work being performed in New Jersey.

Cruz commenced an action to recover damages for his personal injuries. The defendants in that action impleaded Bastos as a third-party defendant. Zurich subsequently commenced the instant action, seeking a judgment declaring that it was not obligated to defend or indemnify Bastos in the underlying action.

The subject policy effectively provides, in clear and unambiguous terms, that Bastos had employers' liability coverage only for claims arising out of accidents occurring during work performed in New Jersey, or for claims arising out of accidents occurring during work performed in another state that was necessary or incidental to work being performed in New Jersey (*see Chase Manhattan Bank v Travelers Group,* 269 AD2d 107, 108 [2000]). Accordingly, the Supreme Court properly granted Zurich's motion for summary judgment declaring that it is not obligated to defend or indemnify Bastos in the underlying action.

The appellant's remaining contentions are without merit. Altman, J.P., Goldstein, Crane and Mastro, JJ., concur.