■ KIDALSO GAS CORP., Respondent, v LANCER INSURANCE COMPANY, Appellant, et al., Defendant. (And Another Action.) [802 NYS2d 9]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered on or about May 6, 2004, which denied defendant Lancer Insurance Company's cross motion for summary judgment, unanimously reversed, on the law, without costs, Lancer's cross motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

In these consolidated actions, plaintiff Khalsa Gas Corp. (mistakenly spelled in the caption as Kidalso) seeks payment

from Lancer Insurance Company (Lancer) for a fire loss. Defendant Lancer has denied the claim because it asserts that the insurance it issued to plaintiff was a "Garage Non-Dealer Liability Policy" (the policy), that did not cover fire or other property damage.

Plaintiff obtained the policy through Mystic Brokerage Inc. (a defendant in the second action). On April 4, 1999, Mystic prepared a "garage application" for insurance on behalf of plaintiff. The application was signed by a Mystic employee and, as relevant to the question of whether the policy provided fire insurance, a box on the application requesting "Fire Legal Liability" was checked. However, another box on the application, for "Fire or Explosion" coverage, was not checked. Mystic submitted the application to Insur-It Agency, a codefendant of Lancer. Lancer issued plaintiff Policy No. GN 602663 on April 23, 1999, and on April 27 Insur-It sent Mystic a confirmation that coverage was effective as of April 23. Shortly thereafter, on May 9, 1999, plaintiff's gas station was damaged by fire. After the fire, Mystic sent a memo to Khalsa dated May 20, 1999, stating that the "down payment of $1,481.00 was for full coverage." Plaintiff made a claim under the policy and Lancer declined coverage.

Plaintiff commenced these actions against Lancer, Insur-It Agency, doing business as D.C. White Agency, and Mystic Brokerage. Thereafter, Lancer moved for summary judgment to dismiss the complaint, arguing that plaintiff had no claim against it because the policy was not a commercial fire policy and it did not have any property extensions. In opposition, plaintiff submitted the affidavit of its president, Dilbag Singh. He asserted that based on the application and memos exchanged by the parties, his fire loss was covered under the Lancer policy. The IAS court denied the cross motion, noting that while plaintiff's opposition may have been confusing, the relationship among the parties was also unclear, precluding summary relief.

We reverse. It is apparent, from a review of the policy Lancer issued, that there is no coverage for the fire damage as plaintiff has claimed. All plaintiff has established is that it sought insurance through Mystic, who in turn dealt with Insur-It, which placed insurance with Lancer. The application Mystic submitted was for garagekeeper's liability insurance and not for fire loss to plaintiff's premises. This was the type of policy that Lancer issued, that is, one providing for liability arising out of the use of customer automobiles and for incidental coverage for third-party claims for bodily injury sustained on plaintiff's premises.

It is basic that it is the insured which has the burden of showing that the insurance contract covers the loss for which the

claim is made (*Roundabout Theatre Co. v Continental Cas.*, 302 AD2d 1, 6 [2002]; *Simplexdiam v Brockbank*, 283 AD2d 34, 37 [2001]; *Chase Manhattan Bank v Travelers Group,* 269 AD2d 107, 108 [2000]). It is also true that plaintiff's burden on a motion for summary judgment is merely to raise a question of fact as to the coverage under the policy (*see Aimatop Rest. v Liberty Mut. Fire Ins. Co.*, 74 AD2d 516 [1980]). However, even according plaintiff every favorable inference on the record before us, plaintiff has failed to raise an issue as to whether its fire was covered under the subject policy. The after-the-fire (May 20, 1999) memo from Mystic to Khalsa is of no assistance to plaintiff. While it states that Khalsa's down payment was for "full coverage," the meaning of that term is not explained, and the memo was not issued by Lancer. Further, plaintiff has not asserted that there was an agency relationship between Lancer and Mystic. If plaintiff has a remedy, it is not against Lancer. Concur—Mazzarelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.