■ ZURICH AMERICAN INSURANCE COMPANY et al., Appellants, v ILLINOIS NATIONAL INSURANCE COMPANY, Respondent, et al., Defendant. [940 NYS2d 271]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered January 5, 2011, which granted defendant Illinois National Insurance Company's motion for summary judgment dismissing the complaint as against it and declaring that it has no obligation to defend plaintiff Moretrench American Corporation in the underlying property damage action, and so declared, and denied plaintiffs' cross motion for summary judgment declaring in their favor, unanimously modified, on the law, to deny the part of Illinois National's motion that sought dismissal of the complaint, and otherwise affirmed, without costs.

The Illinois National "owner controlled insurance policy" (OCIP) at issue defines "contractors" as "contractors who *have executed* a written agreement pertaining to said Contractors['] performance of work at the Project Site, *have been enrolled* in this insurance program, and who performs [*sic*] operations at

the Project Site in connection with the Project" (emphasis added). Since plaintiff Moretrench, a subcontractor on the Project, did not receive the written agreement pertaining to its work on the Project or complete its application for enrollment in the insurance program until nearly four weeks after the damage alleged in the underlying complaint occurred, it does not meet the policy definition of "contractor" and is not covered under the policy (*see Hartford Underwriters Ins. Co. v American Intl. Group*, 300 AD2d 24, 26 [2002]).

Plaintiffs' argument that Illinois National is equitably estopped to deny coverage to Moretrench is unsupported by the record (*see River Seafoods, Inc. v JPMorgan Chase Bank*, 19 AD3d 120, 122 [2005]). The documentary evidence does not establish that Illinois National (through its agents) ever conceded that Moretrench was covered during the relevant period (2006). Nor could Moretrench have relied on any such concession years after the underlying complaint was filed and Illinois National disclaimed coverage. Moreover, Moretrench cannot invoke equitable estoppel against Illinois National on the basis of promises made by defendant Urban Foundation Engineering, LLC (the contractor that subcontracted with Moretrench). We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Renwick, Richter and Abdus-Salaam, JJ. **[Prior Case History: 30 Misc 3d 1208(A), 2010 NY Slip Op 52327(U).]**