■ COLONIAL PENN INSURANCE COMPANY, Respondent, v. ISAIAH MINKOFF et al., Appellants.— Order and judgment (one paper) of Supreme Court, New York County, entered February 14, 1972, declaring, *inter alia*, that the validity of a certain contract of insurance between plaintiff and defendant Isaiah Minkoff must be determined by the laws of New York, affirmed, without costs and without disbursements. Section 167 of the Insurance Law which sets forth the minimum standard provisions required in liability policies, refers, throughout most of its subdivisions, to policies or contracts "issued or delivered" in the State by any authorized insurer. The policy of insurance here in issue, though mailed from Philadelphia, was delivered here. Moreover, since this action involves New York residents who responded to an advertisement in the *New York Times* and purchased a policy of insurance from a company authorized to do business in New York which was delivered here and covers a New York registered vehicle, we cannot agree with the dissent that the "grouping of contacts" theory is inapplicable merely because the accident occurred in New Jersey and the policy was mailed from Pennsylvania by a Massachusetts corporation. This rule requires courts to apply the law of the State which the parties understood would be the principal location of the insured risk and the one most intimately concerned with the outcome of the litigation. (2 Couch, Insurance 2d, [1971 Supp.], § 16:19.5; 12 Appleman, Insurance Law and Practice, [1972 Supp.], § 7079.) Under the facts of this case, it is the law of New York which should be applied. Concur — Markewich, Murphy and Tilzer, JJ.; McGivern, J. P. and Kupferman, J. dissent in the following memorandum by Kupferman, J.: Plaintiff insurance company is a Massachusetts corporation with its principal place of business in Philadelphia, Pennsylvania. By advertising, it solicited automobile insurance coverage from New York residents over the age of 55. The defendant husband applied for coverage, sending his check with the first annual premium to the plaintiff's Philadelphia office, from whence the plaintiff issued a policy to him. Thereafter, the defendant wife was driving the insured vehicle with the defendant husband as a passenger, when she collided with another vehicle in New Jersey. The husband

suffered personal injuries and sued his wife and the other driver in a New Jersey court. The plaintiff insurance company commenced this declaratory judgment action, claiming there was no obligation to defend Mrs. Minkoff in the New Jersey personal injury action brought by Mr. Minkoff, on the ground of subdivision 3 of section 167 of the New York State Insurance Law: "No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy." It is clear that the insurance policy involved does not have the express provision, and so, if New York law applies, the plaintiff has no obligation to defend. However, New York law does not apply. The *lex loci contractus* is Pennsylvania, where the policy was mailed, so that law should govern. (*New Amsterdam Cas. Co.* v. *Stecker*, 3 N Y 2d 1; *Jones* v. *Metropolitan Life Ins. Co.*, 158 Misc. 466.) If one simply applies the "grouping of contacts" theory, there is no compelling reason for New York Law to govern, because other than the fact that it is New York residents who are involved, all other aspects, from the policy to the accident, are outside of the State. We would reverse and declare the obligation of plaintiff to defend the New Jersey personal injury action on behalf of Mrs. Minkoff.