■ REGIONAL IMPORT & EXPORT TRUCKING COMPANY, Appellant, v NORTH RIVER INSURANCE COMPANY et al., Respondents, and DAVID LAMB ASSOCIATES, Appellant.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered June 29, 1988, which granted summary judgment to defendants Lumbermens Mutual Casualty Company and North River Insurance Company, modified, on the law, to the extent of denying the motion as to defendant North River Insurance Company and remanding the matter to IAS Part 11 for further proceedings consistent herewith, and in all other respects affirmed, without costs.

Defendant North River Insurance Company moved for summary judgment dismissing the complaint against it arising out of the theft from plaintiff's terminal yard in Jersey City, New Jersey, of a trailer containing 1,100 Samsung videocassette recorders. The owner of the trailer, A-Line, Ltd., had obtained judgment against plaintiff for liability only in the United States District Court for the District of New Jersey.

North River Insurance Company insured plaintiff under an umbrella insurance policy which provided excess coverage for losses over $1,000,000 and certain primary coverage in the event the underlying primary insurance policies did not apply to a given loss. Both primary carriers declined payment of plaintiff's claim and, some two years after the date of the loss, plaintiff notified North River of the theft. The carrier disclaimed coverage, and plaintiff commenced the instant action, seeking a declaration that its carriers are obligated to defend and indemnify it for its liability for the loss.

The IAS court applied New York law and held (1) that the delay in providing notice to the insurer is a sufficient basis for disclaimer *(Jenkins v Burgos,* 99 AD2d 217) and (2) that if, as plaintiff contends, New Jersey law applies to the case, the failure to afford North River the opportunity to defend the action by A-Line, Ltd. and to participate in pretrial discovery constitutes the requisite prejudice to the carrier to warrant disclaimer *(Hovdestad v Interboro Mut. Indem. Ins. Co.,* 135 AD2d 783).

It is clear that the State of New Jersey has the most contacts with the policy under the grouping of contacts concept *(Auten v Auten,* 308 NY 155), as the principal location of the risk and the State most concerned with the outcome of the

litigation *(Steinbach v Aetna Cas. & Sur. Co.,* 81 AD2d 382; *Colonial Penn Ins. Co. v Minkoff,* 40 AD2d 819, *affd* 33 NY2d 542). The policy was issued by a New Jersey insurer to a New Jersey corporation to insure against losses "happening anywhere during the policy period." The loss occurred in Jersey City, New Jersey, and plaintiff's liability therefor was litigated in that State. The mere fact that the policy was placed through a New York insurance broker which negotiated its terms is not a sufficient contact with this forum to preclude application of the *lex loci delicti commissi* in favor of the *lex loci contractus.*

*Colonial Penn Ins. Co. v Minkoff (supra),* upon which defendant North River Insurance Company relies, is not to the contrary. In that case, the contacts with New York were the domicile of the insureds together with solicitation and delivery of the policy of insurance. While the situs of the accident was the State of New Jersey and an action on the loss was commenced in that jurisdiction, the suit was one by a husband against his wife, a cause of action which is expressly discouraged by our laws (Insurance Law § 3420 [g], formerly § 167 [3]). Delivery of the policy in this State subjected it to interpretation under New York law (Insurance Law § 3420 [a]) and gave this State an overriding interest in the outcome of the litigation between husband and wife. Under the facts before us, even under a *lex loci contractus* analysis, the better view, entirely consistent with *Colonial Penn (supra),* is that a policy delivered to a New Jersey corporation to insure against a loss occurring "anywhere" should be subject to the law of that State, irrespective of the presence of the insured's agent in the State of New York.

It is not apparent that North River has sustained sufficient prejudice by reason of plaintiff's late notice of claim to warrant disclaimer of coverage under New Jersey law *(Cooper v Government Employees Ins. Co.,* 51 NJ 86, 237 A2d 870). This determination rests upon the facts of the particular case *(Morales v National Grange Mut. Ins. Co.,* 176 NJ Super 347, 423 A2d 325) and presents a triable issue of fact *(Bass v Allstate Ins. Co.,* 77 NJ Super 491, 187 A2d 28). Concur—Ross, Rosenberger, Smith and Rubin, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm for the reasons stated by Justice Harold Baer at the IAS Part. I would add only that, assuming New Jersey law would apply as the majority opinion indicates, two years is too long.