■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v FRANCES CONIGLIARO, Appellant. [670 NYS2d 469] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), entered December 4, 1996, which granted the petition to permanently stay arbitration, unanimously reversed, on the law, with costs, and the petition denied.

On August 14, 1995, respondent-appellant filed a demand for arbitration before the American Arbitration Association seeking to arbitrate a claim for uninsured motorist coverage under her husband's automobile insurance policy, which was issued by petitioner-respondent and under which she was an additional insured. Her claim was based on personal injuries allegedly sustained on November 10, 1987 while she was riding as a passenger in her husband's automobile, which was struck by two other vehicles while in Queens County. In an action commenced by her in Kings County against the owners and operators of the two other vehicles, she had proceeded to settlement with the owner and operator of one of the vehicles for the full amount of their policy. Thereafter, she was denied uninsured motorist coverage by petitioner.

This petition was brought to stay the arbitration on several grounds, and was granted by the IAS Court based solely on its finding that the insurance policy was governed by Florida law and that under the Florida Statute of Limitations respondent-appellant's claim was time-barred.

The parties are in agreement that the choice of law applicable to the insurance policy is governed by the "center of gravity" or "grouping of contacts" theory, which looks to such factors as "the place of contracting, negotiation and performance; the location of the subject matter of the contract; and the domicile of the contracting parties" (*Matter of Allstate Ins. [Stolarz]*), 81 NY2d 219, 227).

The record before us reveals that the insurance broker who sold the policy was in Florida and that the insured vehicle was registered in Florida. However, according to the undisputed affidavits of respondent and her husband, the contract was negotiated over the telephone from their New York residence, which was their primary residence at the time, and they garaged their automobile at their home in New York. In further support, respondent-appellant offered tax returns reflect-

ing that she and her husband were primarily New York residents at the time, some of the cancelled checks paying the insurance premiums (all of which were drawn on a New York bank), evidence that their children attended school in New York and evidence that respondent-appellant's husband was employed in New York.

On this record, we find that the contacts established between the subject policy and New York are clearly greater than those tying it to Florida. Moreover, contrary to Allstate's contention, the fact that neither party submitted copies of the insurance policy itself or of the original application for the policy cannot be held against respondent-appellant, since it was Allstate that bore the burden of proving that Florida law applied.

For these reasons, we find that the stay of arbitration was granted in error. We note that petitioner has not argued on appeal that we should, alternatively, affirm the order staying arbitration on the additional grounds advanced to, but not reached by the IAS Court. However, we have, in any case, determined that those arguments are without merit. Concur— Ellerin, J. P., Nardelli, Wallach and Rubin, JJ.