■ PETR BLAHOUT CORP., Respondent, v WALTER D'AGOSTINO et al., Appellants. [683 NYS2d 10] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered June 19, 1998, which, to the extent appealed from, denied defendants' cross motion for summary judgment, unanimously modified, on the law, to grant the motion insofar as to dismiss the complaint as against Mary Beth D'Agostino, and otherwise affirmed, without

costs. The Clerk is directed to enter judgment in favor of defendant Mary Beth D'Agostino dismissing the complaint as against her.

In this action, plaintiff contractor, a New York corporation, seeks to recover amounts allegedly due from defendants, New York residents, pursuant to the parties' contract for work upon defendant Walter D'Agostino's house situated in Connecticut. While defendants contend that Connecticut law is applicable herein and requires dismissal of the action, we agree with the motion court that under the "center of gravity" or "grouping of contacts" choice of law theory, New York law should apply (*see, Matter of Allstate Ins. Co. [Stolarz]*, 81 NY2d 219, 226-227). In this regard, the record supports the court's determination that the subject contract was entered into, at least partly, in New York (*see, Allstate Ins Co. v Conigliaro*, 248 AD2d 293), and, moreover, other relevant factors weigh heavily in favor of applying New York law. We note particularly that the parties are all New York domiciliaries; that their course of dealing was established in New York; that New York subcontractors were employed in the project and that there is no indication in the record that plaintiff has ever solicited business in Connecticut. Under these circumstances, New York's interest in seeing that the reasonable contractual expectations of its domiciliaries are adequately protected must be deemed paramount and, as such, fully warrants application of New York law (*see*, Restatement [Second] of Conflict of Laws § 196, comment *d*).

We modify only to grant defendants' motion for summary judgment to the extent of dismissing the action as against defendant Mary Beth D'Agostino, since it is undisputed that she was not a party to the contract and, indeed, had no ownership interest in the Connecticut property upon which the allegedly contracted for work was performed. Defendants' remaining contentions are unpreserved for our review. Concur—Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.