■ ATLANTIC GENERAL CONTRACTING, INC., et al., Appellants, v UNITED STATES LIABILITY INSURANCE GROUP et al., Respondents, et al., Defendants. [806 NYS2d 225]—

In an action, inter alia, for a judgment declaring that the defendants United States Liability Insurance Group and Mount Vernon Fire Insurance Company are obligated to defend and/or indemnify the plaintiffs in an underlying personal injury action entitled *Carreon v A.N.A. Team Corp. et al.*, pending in the Supreme Court, Queens County, under index No. 24344/99, the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), dated July 27, 2004, which granted the motion of the defendants United States Liability Insurance Group and Mount Vernon Fire Insurance Company for summary judgment declaring that they are not so obligated and denied their cross motion for summary judgment in their favor against those defendants.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry

of a judgment declaring that the defendants United States Liability Insurance Group and Mount Vernon Fire Insurance Company are not obligated to defend and/or indemnify the plaintiffs in the underlying personal injury action.

The Supreme Court properly determined that, under the facts of this case, New York law, as opposed to New Jersey law, is applicable since New York has the most significant contacts to the instant dispute (*see generally Matter of Eagle Ins. Co. v Singletary*, 279 AD2d 56, 58-59 [2000]; *Matter of Allstate Ins. Co. v Conigliaro*, 248 AD2d 293 [1998]). New York is the location where the construction work at issue was to be performed, as well as the location of the subject accident and underlying lawsuit.

The defendants United States Liability Insurance Group and Mount Vernon Fire Insurance Company (hereinafter the insurer defendants) established their prima facie entitlement to summary judgment by demonstrating that they did not receive timely notice of the occurrence and properly disclaimed coverage (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436 [1972]; *C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.*, 1 AD3d 304 [2003]; *Serravillo v Sterling Ins. Co.*, 261 AD2d 384 [1999]).

In response, the plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Although New Jersey law requires that an insurer show "appreciable prejudice" before it disclaims coverage based upon an insured's failure to timely notify it of an occurrence (*see Molyneaux v Molyneaux*, 230 NJ Super 169, 174, 553 A2d 49, 51 [1989]; *Cooper v Government Empls. Ins. Co.*, 51 NJ 86, 237 A2d 870 [1968]), New York law does not impose such a requirement (*see Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332 [2005]; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, *supra* at 440; *Blue Ridge Ins. Co. v Jiminez*, 7 AD3d 652, 654 [2004]).

Therefore, the Supreme Court properly granted the motion of the insurer defendants for summary judgment and properly denied the plaintiffs' cross motion for summary judgment.

The plaintiffs' remaining contentions are without merit.

Since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the insurer defendants (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.