■ PRESERVER INSURANCE COMPANY, Appellant, v ARTHUR RYBA et al., Defendants, and ONE BEACON INSURANCE COMPANY, Respondent. [829 NYS2d 664]—In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant East Coast Stucco & Construction, Inc., in an underlying personal injury action entitled *Ryba v Almeida*, pending in the Supreme Court, Rockland County, under index No. 5926/03, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Smith, J.), entered October 27, 2005, as denied its motion for summary judgment declaring that it is not obligated to defend and indemnify the defendant East Coast Stucco & Construction, Inc., in the underlying action, and granted the cross motion of Northern Assurance Company of America, sued herein as One Beacon Insurance Company, for summary judgment declaring that the plaintiff is obligated to defend and indemnify the defendant East Coast Stucco & Construction, Inc., in the underlying action.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Rockland County, for the entry of an appropriate judgment.

The Supreme Court properly denied the plaintiff's motion for summary judgment declaring that it is not obligated to defend and indemnify the defendant East Coast Stucco & Construction, Inc. (hereinafter East Coast), in an underlying personal injury action, and properly granted the cross motion of Northern Assurance Company of America, sued herein as One Beacon Insurance Company (hereinafter Northern), for summary judgment declaring that the plaintiff is obligated under the subject insurance policy to defend and indemnify the defendant East Coast in that action. The plaintiff failed to raise a triable issue of fact in response to Northern's prima facie showing of entitlement to judgment as a matter of law that Insurance Law § 3420 (d) applies to the subject policy (*see Columbia Cas. Co. v National Emergency Servs.*, 282 AD2d 346, 347 [2001]; *American Ref-Fuel Co. of Hempstead v Employers Ins. Co. of Wausau*, 265 AD2d 49 [2000]; *see also Atlantic Gen. Contr., Inc. v United*

*States Liab. Ins. Group*, 24 AD3d 480 [2005]), and renders the plaintiff's disclaimer, on the ground of a policy exclusion, untimely as a matter of law (*see Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646 [2001]; *Campos v Sarro*, 309 AD2d 888 [2003]). Accordingly, the plaintiff may not disclaim coverage.

Northern also made a prima facie showing that the injured party in the underlying action is subject to the Workers' Compensation Law, thus precluding, under the express terms of the liability insurance policy issued by the plaintiff, application of the policy's $100,000 limit of liability (*see Matter of Rutledge v Kelly & Miller Bros. Circus*, 18 NY2d 464, 474 [1966]; *cf. Chase Manhattan Bank v Travelers Group*, 269 AD2d 107 [2000]). Northern thus established its entitlement to judgment as a matter of law in this regard as well, and the plaintiff failed to raise a triable issue of fact in opposition as to whether the limit of liability is applicable.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Rockland County, for the entry of a judgment declaring that the plaintiff is obligated to defend and indemnify East Coast in the underlying action entitled *Ryba v Almeida*, pending in the Supreme Court, Rockland County, under index No. 5926/03 (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Krausman, Fisher and Lifson, JJ., concur.