■ LIBERTY SURPLUS INSURANCE CORPORATION et al., Respondents, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., et al., Appellants. [888 NYS2d 35]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered August 6, 2008, which denied defendants' motions to dismiss the fifth, sixth and seventh causes of action in the amended complaint, unanimously affirmed, with costs.

A contract of liability insurance is governed by "the local law of the state which the parties understood was to be the principal

location of the insured risk" (*Zurich Ins. Co. v Shearson Lehman Hutton*, 84 NY2d 309, 318 [1994], quoting Restatement [Second] of Conflict of Laws § 193). Where the covered risks are spread over multiple states, courts will generally locate the risk in one state, namely, "the state of the insured's domicile at the time the policy was issued," and a "corporate insured's domicile is the state of its principal place of business" (*Certain Underwriters at Lloyd's, London v Foster Wheeler Corp.*, 36 AD3d 17, 24-25 [2006], *affd* 9 NY3d 928 [2007]). The liability policies at issue in this action were issued by defendants to Hontz Elevator Company, which had operations in several states but maintained its principal place of business in Connecticut, the state of its incorporation. Accordingly, the subject policies, which do not contain choice-of-law provisions, are governed by Connecticut law. We further note that the accident giving rise to the underlying personal injury litigation occurred in Connecticut; that the subject policies contain amendatory endorsements required by Connecticut law but no New York endorsements; and that the record, while showing that Hontz had locations in Connecticut, Florida, Massachusetts and Rhode Island, gives no indication Hontz conducted any operations in New York.

We reject defendants' contention that the fifth cause of action, for breach of the duty of good faith and fair dealing, and the seventh cause of action, alleging violations of Connecticut's Unfair Insurance Practices Act and Unfair Trade Practices Act, are not viable under Connecticut law (*see Active Ventilation Prods., Inc. v Property & Cas. Ins. Co. of Hartford*, 2009 WL 2506360, 2009 Conn Super LEXIS 1967 [2009]). We reject defendants' similar contention with respect to the sixth cause of action for breach of fiduciary duty on that basis, and find that that cause of action was adequately pleaded under Connecticut law (*see Grazynski v Hartford Ins. Co.*, 1997 WL 407897, 1997 Conn Super LEXIS 1876 [1997]). Concur—Mazzarelli, J.P., Andrias, Friedman, Nardelli and Moskowitz, JJ. [*See* 20 Misc 3d 1128(A), 2008 NY Slip Op 51653(U).]