■ FC Bruckner Associates, L.P., et al., Appellants, v Fireman's Fund Insurance Co., Respondent, et al., Defendant. [944 NYS2d 84]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered May 26, 2011, which denied plaintiffs' motion for summary judgment seeking a declaration that defendant Fireman's Fund Insurance Company (FFIC) was obligated to defend and indemnify them under FFIC's excess policy in the underlying personal injury action, unanimously affirmed, with costs.

Plaintiffs, New York subsidiaries of Forest City Enterprises, Inc., an Ohio corporation, were insured under FFIC's excess policy issued to the parent corporation. They seek a declaration that FFIC was obligated to indemnify them in an underlying personal injury action that occurred in New York. At issue is a conflict between the laws of New York and Ohio on the subject of timely notice—the former providing (prior to the enactment of Insurance Law § 3420 [a] [5] [eff. Jan. 17, 2009]) that an insured's failure to provide timely notice of an occurrence is a material breach of the insurance contract vitiating coverage (see *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436 [1972]), and the latter providing that when an insured gives late notice of a claim, there is a presumption of prejudice to the insurer and the claimant bears the burden of showing the absence of prejudice (*Champion Spark Plug Co. v Fid. & Cas. Co.*, 116 Ohio App 3d 258, 268, 687 NE2d 785, 791 [1996], *lv denied* 77 Ohio St 3d 1501, 673 NE2d 599 [1996]). Additionally, plaintiffs maintain that FFIC's notice of disclaimer was late and that they are entitled to the statutory timely-notice-of-disclaimer protection of New York Insurance Law § 3420 (d). Thus, a conflict of laws analysis is necessary to determine which law applies.

Applying New York's "center of gravity" or "grouping of contacts" approach to choice-of-law questions in contract cases, Ohio law has the "most significant relationship to the transaction and the parties" (*Matter of Midland Ins. Co.*, 16 NY3d 536, 543-544 [2011]). While the motion court incorrectly stated that FFIC is an Ohio company (it is domiciled in California), the only other contracting party is Forest City, plaintiffs' Ohio parent corporation. The insurance broker and third-party administrator are also located in Ohio, and the FFIC excess policy contained an Ohio-specific endorsement. Additionally, plaintiffs, who were not expressly named in the policy, derive their insured

status under the FFIC excess policy's "Broad Named Insured" endorsement that extended coverage to "any present or future affiliates, subsidiaries (or subsidiaries thereof) controlled or associated company, corporations, or other legal entities." The record shows that FFIC's underwriting file includes references to Forest City properties in Texas, West Virginia and Michigan, as well as Ohio, indicating that the parties to the contract considered the principal location of the insured risk to be either Ohio or other states. "The governmental interests implicated by an insured's claim against an insurer of risks located in multiple states . . . weigh in favor of applying the law of the insured's domicile" (*Certain Underwriters at Lloyd's, London v Foster Wheeler Corp.*, 36 AD3d 17, 22-23 [2006], *affd* 9 NY3d 928 [2007]).

Plaintiffs argue that New York law must apply because they have their places of business in New York and the accident happened in New York. However, as we noted in *Foster Wheeler* with respect to a choice-of-law analysis for insurance policies covering multistate risks, "[t]he state of the insured's domicile is a fact known to the parties at the time of contracting, and (in the absence of a contractual choice-of-law provision) application of the law of that state is most likely to conform to their expectations" (*id.* at 23; *see also Steadfast Ins. Co. v Sentinel Real Estate Corp.*, 283 AD2d 44, 50 [2001] ["Given the nationwide scope of Sentinel's operations, the principal location of the insured risk should be deemed to be the state where Sentinel is incorporated and has its principal place of business"]). That any number of Forest City subsidiaries, located in different states, could be insureds under this policy weighs against plaintiffs' argument that, because they are New York companies and the accident occurred in this state, New York law should be applied in this instance.

"If [plaintiffs'] position were accepted, the result would be a single policy governed by the laws of different states—precisely what *Foster Wheeler* sought to avoid. Moreover, applying multiple states' laws to the enforcement of a single insurance policy 'defies . . . the law . . . as well as the traditional concerns of judicial economy and uniformity.' " (*Wausau Bus. Ins. Co. v Horizon Admin. Servs. LLC*, 803 F Supp 2d 209, 216 [ED NY 2011] [citation omitted].)

Furthermore, it is unavailing for plaintiffs to argue that the policy was issued for delivery in this state pursuant to Insurance Law § 3420 (d). While plaintiffs are insureds under the policy, they are not specified or expressly mentioned in the policy (*see TIG Ins. Co. v Martin*, 2003 WL 25796732 [ED NY 2003]

[where policy issued by Texas insurer to Indiana insured, and occurrence was at New York baseball camp, policy not issued for delivery in New York where policy was not specific to New York camp or to other work in New York]; *compare Columbia Cas. Co. v National Emergency Servs.*, 282 AD2d 346 [2001] [policy deemed issued for delivery in New York where it expressly covered insureds and risks located in New York]; *American Ref-Fuel Co. of Hempstead v Employers Ins. Co. of Wausau*, 265 AD2d 49 [2000] [policies were issued for delivery in New York where policies listed, as named insured, a New York corporation]). Thus, we conclude that Ohio law governs this dispute (*Matter of Midland Ins. Co.* at 544; *Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219, 227 [1993]). Concur—Mazzarelli, J.P., Friedman, Acosta, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2011 NY Slip Op 31392(U).]**