In an action to recover damages for personal injuries, the third-party defendant/second third-party defendant, Bedroc Contracting, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated December 9, 2011, as denied its motion for summary judgment on its cross claim against the second third-party defend *515 ants American Safety Casualty Insurance Company and American Safety Claims Services, Inc., declaring, inter alia, that the second third-party defendant American Safety Casualty Insurance Company is obligated to defend and indemnify it in the main action, and granted the cross motion of the second third-party defendants American Safety Casualty Insurance Company and American Safety Claims Services, Inc., inter alia, for summary judgment declaring that the second third-party defendant American Safety Casualty Insurance Company is not obligated to defend or indemnify Bedroc Contracting, LLC, in the main action.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the third-party defendant/ second third-party defendant, Bedroc Contracting, LLC, for summary judgment on its cross claim against the second third-party defendants American Safety Casualty Insurance Company and American Safety Claims Services, Inc., is granted, the cross motion of the second third-party defendants American Safety Casualty Insurance Company and American Safety Claims Services, Inc., is denied, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the second third-party defendant American Safety Casualty Insurance Company is obligated to defend and indemnify Bedroc Contracting, LLC, in the main action.
The plaintiff commenced this action (hereinafter the main action) against Monadnock Construction, Inc. (hereinafter Monadnock), the Related Companies, L.E (hereinafter Related), Amsterdam & 77th Associates, LLC (hereinafter Amsterdam), and Sylgar Properties Company, LLC (hereinafter Sylgar), after allegedly sustaining an injury while working for Bedroc Contracting, LLC (hereinafter Bedroc), at premises located at 350 Amsterdam Avenue in Manhattan. The plaintiff asserted causes of action to recover damages for common-law negligence and violations of several provisions of the Labor Law. Thereafter, Monadnock, Amsterdam, and Sylgar (hereinafter collectively the third-party plaintiffs) commenced a third-party action against Bedroc for indemnification, to recover damages for breach of a contract to procure insurance, and contribution. The third-party plaintiffs served a second third-party complaint upon American Safety Casualty Insurance Company (hereinafter ASCIC), which issued a liability insurance policy to Bedroc in connection with the work at the premises, American Safety Claims Services, Inc. (hereinafter ASCSI), which disclaimed coverage to Bedroc on behalf of ASCIC based on, among other things, late notice, and Global Associates, the broker which *516 secured the policy. Pursuant to an amended second third-party complaint, the third-party plaintiffs added Bedroc as a second third-party defendant. Bedroc asserted a cross claim against ASCIC and ASCSI for a judgment declaring that ASCIC was obligated to defend and indemnify it in the main action. Subsequently, Bedroc moved for summary judgment on its cross claim, and ASCIC and ASCSI cross-moved for summary judgment declaring that they are not obligated to defend or indemnify Bedroc in the main action. The Supreme Court denied Bedroc's motion and granted the cross motion.
The Supreme Court erred in determining that New York law, rather than New Jersey law, governed the issue of whether ASCIC properly disclaimed coverage to Bedroc based on late notice. “The first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved” (Matter of Allstate Ins. Co. [Stolarz — New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 223 [1993]; see Bonded Waterproofing Servs., Inc. v Anderson-Bernard Agency, Inc., 86 AD3d 527, 528 [2011]). Here, there is a clear conflict inasmuch as New Jersey law requires insurers asserting a disclaimer based on late notice to show that they were prejudiced by the untimely notice (see Gazis v Miller, 186 NJ 224, 228-232, 892 A2d 1277, 1279-1282 [2006]; Cooper v Government Empls. Ins. Co., 51 NJ 86, 94, 237 A2d 870, 873-874 [1968]), while, with respect to an identical disclaimer made under an insurance policy that, like the one in dispute here, was issued prior to January 17, 2009, New York law does not (see Chiarello v Rio, 101 AD3d 793, 793 [2012]; Waldron v New York Cent. Mut. Fire Ins. Co., 88 AD3d 1053, 1054 [2011]; Atlantic Gen. Contr., Inc. v United States Liab. Ins. Group, 24 AD3d 480, 481 [2005]).
In contract cases, the court then applies a “center of gravity” or “grouping of contacts” analysis in order to determine which State has the most significant relationship to the transaction and the parties (see Matter of Midland Ins. Co., 16 NY3d 536, 543 [2011]; Zurich Ins. Co. v Shearson Lehman Hutton, 84 NY2d 309, 317 [1994]). The court considers significant contacts such as the place of contracting, the place of negotiation and performance, the location of the subject matter of the contract, and the domicile or place of business of the contracting parties (see Matter of Allstate Ins. Co. [Stolarz — New Jersey Mfrs. Ins. Co.], 81 NY2d at 227; Matter of Integon Ins. Co. v Garcia, 281 AD2d 480, 481 [2001]; Matter of Eagle Ins. Co. v Singletary, 279 AD2d 56, 58-59 [2000]).
“In the context of liability insurance contracts, the jurisdic *517 tion with the most ‘significant relationship to the transaction and the parties’ will generally be the jurisdiction ‘which the parties understood was to be the principal location of the insured risk . . . unless with respect to the particular issue, some other [jurisdiction] has a more significant relationship’ ” (Matter of Midland Ins. Co., 16 NY3d at 544, quoting Zurich Ins. Co. v Shearson Lehman Hutton, 84 NY2d at 317, 318; see Liberty Surplus Ins. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 67 AD3d 420, 420 [2009]). Where the covered risks are spread over multiple states, “the state of the insured’s domicile should be regarded as a proxy for the principal location of the insured risk” (Matter of Midland Ins. Co., 16 NY3d at 544 [internal quotation marks omitted]; see FC Bruckner Assoc., L.P. v Fireman’s Fund Ins. Co., 95 AD3d 556, 557 [2012]; Liberty Surplus Ins. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 67 AD3d at 421; Travelers Cas. & Sur. Co. v Honeywell Intl., Inc., 63 AD3d 451, 452 [2009]; Appalachian Ins. Co. v Di Sicurata, 60 AD3d 495, 495 [2009]; Certain Underwriters at Lloyd’s, London v Foster Wheeler Corp., 36 AD3d 17, 24-25 [2006], affd 9 NY3d 928 [2007]).
Here, based on the plain language of the subject policy, Bedroc and ASCIC understood that the insured risks were spread over multiple states and, under certain circumstances, beyond the United States. Moreover, the policy was issued to Bedroc, a New Jersey corporation, through a New Jersey broker, and contains a New Jersey endorsement (see FC Bruckner Assoc., L.P v Fireman’s Fund Ins. Co., 95 AD3d at 557). Thus, New Jersey, as the state of Bedroc’s domicile, was properly regarded as a proxy for the principal location of the risks insured under the policy (see id., Steadfast Ins. Co. v Sentinel Real Estate Corp., 283 AD2d 44, 50 [2001]; Regional Import & Export Trucking Co. v North Riv. Ins. Co., 149 AD2d 361, 361-362 [1989]). Accordingly, the Supreme Court should have determined that New Jersey law applied under the facts presented.
Applying New Jersey law, ASCIC’s disclaimer of coverage under the policy was invalid, since ASCIC failed to make the requisite showing that it was prejudiced as a result of the late notice of the plaintiffs accident provided by Bedroc (see Gazis v Miller, 186 NJ at 228-232, 892 A2d at 1279-1282; Cooper v Government Empls. Ins. Co., 51 NJ at 94, 237 A2d at 873-874). Furthermore, ASCIC failed to meet its burden of demonstrating the applicability of the policy’s “Owner Controlled Insurance Program” and “employee bodily injury” exclusions (see generally Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984]; Insurance Co. of Greater N.Y. v Clermont Armory, LLC, 84 AD3d *518 1168, 1170 [2011]). Accordingly, the Supreme Court should have granted Bedroc’s motion for summary judgment on its cross claim declaring that ASCIC is obligated to defend and indemnify Bedroc in the main action, and should have denied ASCIC’s and ASCSI’s cross motion.
Since Bedroc’s cross claim in the second third-party action sought a declaratory judgment, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that ASCIC is obligated to defend and indemnify Bedroc in the main action (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Balkin, J.E, Leventhal, Lott and Sgroi, JJ., concur.