Zurich Am. Ins. Co. v Providence Capital LLC (2025 NY Slip Op 02747)

Zurich Am. Ins. Co. v Providence Capital LLC

2025 NY Slip Op 02747

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Moulton, González, Pitt-Burke, Higgitt, JJ. 

Index No. 656376/20|Appeal No. 4305|Case No. 2024-03090|

[*1]Zurich American Insurance Company, Plaintiff-Appellant,
v
Providence Capital LLC et al., Defendants-Respondents.

Mound Cotton Wollan & Greengrass, LLP, New York (Philip C. Silverberg of counsel), for appellant.
Meyer, Suozzi, English & Klein, P.C., Garden City (Kevin Schlosser of counsel) and Murphy & King, P.C., Boston, MA (Daniel M. Rabinovitz of the bar of the Commonwealth of Massachusetts, admitted pro hac vice, of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered April 9, 2024, which granted defendants Providence Capital LLC and Sherle Wagner International LLC's motion to dismiss plaintiff's seventh affirmative defense, unanimously affirmed, with costs.
Defendants' second counterclaim pleads a violation of Rhode Island General Laws § 9-1-33, entitled "Insurer's bad faith refusal to pay a claim made under any insurance policy," and alleges plaintiff's bad faith handling of a claim in connection with property damage to Sherle Wagner's Manhattan showroom. In its seventh affirmative defense to defendant's counterclaims, plaintiff asserts that the Rhode Island General Laws do not apply to this action.
Supreme Court properly dismissed the seventh affirmative defense upon a finding that the relevant factors in determining choice of law favored Rhode Island rather than New York. Under New York's "center of gravity" or "grouping of contacts" approach to choice of law questions in contract cases, Rhode Island has "the most significant relationship to the transaction and the parties" (Zurich Ins. Co. v Shearson Lehman Hutton, 84 NY2d 309, 317 [1994] [internal quotation marks omitted]). Providence Capital, the primary insured, is domiciled in Rhode Island, the place of contracting, and the policy covers many Rhode Island locations of Providence Capital's affiliate companies (id.). Providence Capital's domicile also weighs in favor of applying Rhode Island law, as Providence Capital affiliates are named insureds and are spread across several states, and the action therefore involves "liability insurance covering multistate risks" (Certain Underwriters at Lloyd's, London v Foster Wheeler Corp., 36 AD3d 17, 25 [1st Dept 2006], affd 9 NY3d 928 [2007]). In such a case, the state of domicile is the appropriate source of applicable law (id. at 24). Furthermore, the governmental interests at issue, taken in the aggregate, support applying the law of Providence Capital's domicile (see id. at 22-23; see also FC Bruckner Assoc., L.P. v Fireman's Fund Ins. Co., 95 AD3d 556, 557 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025