■ WESTCHESTER FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v. SECOR LAKE CAMP, INC., Appellant, et al., Defendants.— In an action to foreclose a purchase money mortgage, defendant Secor Lake Camp, Inc., appeals, as limited by its notice of appeal and its brief, from so much of an order of the Supreme Court, Westchester County, dated September 21, 1970 and entered in Putnam County, as (1) struck out the "Eighth" affirmative defense in said defendant's answer to the complaint, (2) referred the issues raised in the "Third" and "Fifth" defenses of said answer for hearing and determination and (3) granted leave to plaintiff to continue the action upon the pleadings, as modified by said order and subject to said hearing and determination. Order reversed insofar as appealed from, on the law, with $10 costs and disbursements, and complaint dismissed, with leave to plaintiff to serve an amended complaint within 20 days after service upon plaintiff of a copy of the order to be entered hereon, with notice of entry. Essentially, the complaint, as modified by provisions of the September 21, 1970 order not being appealed, alleged that defendant failed to comply with the terms and conditions of a promissory note and mortgage given to secure payment of a loan made by plaintiff to appellant. In particular, the complaint alleged that by failing to keep the mortgaged property in a reasonably good state of repair and by permitting the property to be neglected and vandalized, appellant jeopardized the security of plaintiff's loan. Appellant denied these allegations, in addition to setting up a number of affirmative defenses. In the third affirmative defense it was asserted that plaintiff was estopped from claiming default predicated on alleged waste to the mortgaged premises because of plaintiff's failure to serve a 30-day notice and demand on appellant as required under paragraph 11 of the mortgage note, which states: "11. That the obligor will not suffer or permit any waste to the mortgaged premises, fixtures and personal property, but will maintain them in a rentable and tenantable condition and reasonably good state of repair, and upon the failure of the obligor to do so within thirty days after notice and demand, the obligee shall have the option of either declaring the whole of the said principal sum due and payable, or restoring the mortgaged premises, fixtures and personal property to as good state and condition as they are at the date hereof, reasonable depreciation alone excepted, and the amount so paid by the obligee shall be added to the principal remaining unpaid and shall be deemed to be secured in like manner." After joinder of issue, plaintiff moved for an order striking out certain paragraphs of appellant's answer, including paragraphs contained in or comprising all of the affirmative defenses, except the second defense, on the ground that such allegations contained "sham" material. Appellant resisted the motion on the ground that a motion to strike allegations or defenses as "sham" is no longer authorized under the Civil Practice Law and Rules. In an affidavit in opposition to plaintiff's motion it was urged that, in view of plaintiff's failure to give the required 30-day notice and demand, its motion should not only be

denied, but its complaint dismissed. In our opinion, Special Term properly treated plaintiff's motion as one to dismiss defenses which have no merit, pursuant to CPLR 3211 (subd. [b]). Thereupon, Special Term struck out the first, sixth, seventh and eighth affirmative defenses and referred the third and fifth defenses for hearing and determination because of factual issues which had arisen with respect to them. We feel, on the record before us, that Special Term should have "searched the record" in accordance with CPLR 3211 (subd. [c]) and dismissed the complaint. However, since this court's power to grant accelerated judgment is no less broad than that of Special Term, we have considered the complaint and found it defective (*Smith* v. *Helbraun*, 21 A D 2d 830; *Schoonmaker* v. *Schoonmaker*, 21 A D 2d 777). We note that the provision in the promissory note (prepared on plaintiff's preprinted forms) which imposed on appellant the obligation to maintain the mortgaged property in a reasonably good state of repair imposed on plaintiff, as a condition precedent to accrual of its cause of action predicated on that provision, a 30-day notice and demand requirement. Plaintiff's failure to allege that this condition precedent to its action has been satisfied requires dismissal of its complaint. The foregoing follows from the recognition that a debt or obligation secured by a mortgage is contractual and the right to enforce it by action is dependent in the first instance on the contract (see Marks, Maloney & Paperno, Mortgages and Mortgage Foreclosures in New York, § 143). Since we are of the opinion that the 30-day notice and demand requirement is a condition precedent to accrual of plaintiff's cause of action, the fact that the failure to satisfy that requirement was set forth in an affirmative defense is of no consequence. We do not reach the specific questions assigned as to whether or not Special Term erred in striking the eighth affirmative defense and in referring the issues raised in the third and fifth affirmative defenses for hearing and determination. Rabin, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.