■ LOUIS L. BUTTERMARK, Plaintiff, v RAYMOND F. KORBER, INC., et al., Defendants. SECURITY FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant and Third-Party Plaintiff-Respondent; HERBERT EPSTEIN et al., Third-Party Defendants-Appellants; et al., Third-Party Defendants.—In an action to foreclose a mechanic's lien, the appeal, as limited by appellants' brief, is from so much of an order of the Supreme Court, Richmond County, dated November 23, 1976, as denied appellants' motion to dismiss the third-party complaint for failure to state a cause of action. Order modified, on the law, by adding to the first decretal paragraph thereof, immediately after the word "denied", the following: "except that the cross claim of defendant Raymond F. Korber, Inc., against defendant Security Federal Savings and Loan Association, the answer of defendant Security Federal to said cross claim, which answer contains a cross claim against defendant Raymond F. Korber, Inc., and the third-party action are hereby severed from the main action. In the severed action Raymond F. Korber, Inc., shall be denominated the plaintiff and its cross claim shall constitute the complaint; Security Federal shall be denominated the defendant third-party plaintiff, its answer to the cross claim of Raymond F. Korber, Inc., shall stand as the answer in the severed action, and its cross claim against defendant Raymond F. Korber, Inc., shall constitute a counterclaim in the severed action. The third-party action shall be tried with the severed action." As so modified, order affirmed insofar as appealed from, without costs or disbursements. The

instant controversy arises out of the construction of a bank building for the defendant Security Federal Savings and Loan Association (the bank). The third-party defendants-appellants, Herbert Epstein and Karl R. Greenfield, doing business as Epstein/Greenfield Architects, P. C. (the architects), were the bank's architects. The defendant Raymond F. Korber, Inc. (the general contractor) entered into an agreement with the bank to build the structure designed by the architects in accordance with their plans and in conformity with all applicable governmental laws, rules and regulations. The plaintiff, Louis L. Buttermark (the plumber), agreed with the general contractor to perform certain plumbing work on the premises. Thereafter, the plumber sued the bank and the general contractor to foreclose a mechanic's lien on the premises in the sum of $2,137.25, representing the unpaid balance due on his plumbing subcontract. The answer of the general contractor interposed a cross claim, apparently unrelated to the plaintiff's claim for plumbing work, against the bank to recover $46,659.80 as the unpaid balance due on its contract. The bank served an answer to the general contractor's cross claim. The answer denied the material allegations thereof and asserted both a cross claim against the general contractor and a third-party complaint against the architects, a professional engineer and the curbing, sidewalk and paving subcontractors. Basically, the bank's cross claim and third-party complaint allege that these parties had constructed the curbs, sidewalks and paving at a level approximately four feet below the legal grade of the street upon which the building is sited, without obtaining a waiver of change of grade from the Department of Highways of the City of New York. As a result, the bank could not obtain a certificate of occupancy until the curbs, sidewalks and paving were reconstructed at the legal grade, all to the bank's damage in the sum of $500,000, representing the cost of reconstruction and interim loss of business. The architects then moved to dismiss the third-party complaint asserted against them for failure to state a cause of action sounding in indemnity. CPLR 1007 authorizes a defendant to commence a third-party action against a person not a party who is or may be liable to that defendant for all or part of the *plaintiff's claim* against him. Thus, the third-party plaintiff must, at least in part, assert a claim over against the third-party defendant for the plaintiff's claim against him (see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR, C1007:1, *et seq.*). In the case at bar, the third-party complaint does not meet this test. The plaintiff's claim is based on the failure of the general contractor and the bank to pay the balance of his plumbing contract price. The cross claims between the general contractor and the bank, and the third-party action, concern the construction of curbs, sidewalks and paving at an improper grade. The bank's third-party action really seeks indemnity from the architects and others if it is forced to pay the general contractor for that work. The CPLR does not authorize third-party practice to seek indemnity for a claim asserted in a cross complaint. Under the circumstances, Special Term should have exercised its discretion to sever the cross claim and third-party action from the plaintiff's claim for his unpaid plumbing bill (see CPLR 603, 1010). Damiani, J. P., Titone, Rabin and Margett, JJ., concur.