■ DOR MOTORS LTD., Respondent, v GRAPHIC ARTS MUTUAL INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellant. ROYAL GLOBE INSURANCE COMPANY, Third-Party Defendant-Respondent, et al., Third-Party Defendant. — In an action for a judgment declaring that defendant is obligated to defend plaintiff in an action instituted by the third-party defendant Royal Globe Insurance Company (hereinafter Royal Globe) as subrogee of the third-party defendant Cleartone Reproductions Corp. (hereinafter Cleartone) and declaring that defendant is obligated to pay any judgment against plaintiff in that action, defendant appeals from an order of the Supreme Court, Nassau County (McGinity, J.), dated June 23, 1982, which denied its motion for summary judgment dismissing the plaintiff's complaint, and upon searching the record, dismissed its third-party action. Order modified by adding thereto a provision directing plaintiff to join Royal Globe as subrogee of Cleartone, as a party defendant. As so modified, order affirmed, without costs or disbursements. Through the papers it submitted in opposition to the defendant's motion for summary judgment, the plaintiff established a triable issue of fact. Special Term, therefore, properly denied defendant's motion (*Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439). In its third-party action, defendant sought neither indemnification nor contribution from the third-party defendants. Consequently, Special Term's dismissal of defendant's third-party complaint must be affirmed (*BRC Elec. Corp. v Cripps*, 67 AD2d 899, 900; *Buttermark v Raymond F. Korber, Inc.*, 65 AD2d 587, 588). Because Royal Globe will be affected by the judgment declaring the rights of the parties in this action and because it could challenge that determination in an action brought pursuant to section 167 (subd 1, par [b]) of the Insurance Law (see *Steinbach v Aetna Cas. & Sur. Co.*, 81 AD2d 382, 387-388), it is a necessary party (*Manhattan Stor. & Warehouse Co. v Movers & Warehousemen's Assn.*, 289 NY 82, 88). In its answer, the defendant raised the absence of "all necessary parties" as an affirmative defense (see CPLR 3211, subd [e]). Joinder of Royal Globe as subrogee of Cleartone is, therefore, appropriate. Mangano, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.

■ DOWLING COLLEGE, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 65211.) — In a condemnation proceeding, claimant appeals from an order of the Court of Claims (Amann, J.), dated January 24, 1983, which granted the State's motion for an extension of time within which to serve and file its appraisals and supporting documentation to the extent of directing that they be filed on or before April 30, 1983. Order affirmed, with costs. While the State's failure to serve and file its appraisal and supporting documentation within approximately three years of its acquisition of title to the subject property was not commendable, it was not an abuse of discretion to have granted the State's motion for a further extension in view of the complexity and comprehensiveness of the studies involved. We have considered claimant's other contentions and find them to be without merit. Mangano, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.