■ ERVIN ROSENFELD, Respondent, v MARK ROSENBLUM et al., Defendants, and JAN SUSSMAN, Appellant.—Order, Supreme Court, New York County (William J. Davis, J.), entered July 9, 1990, which *inter alia,* granted plaintiff's motion to dismiss defendant-appellant's first and fifth affirmative defenses, alleging laches and failure to state a cause of action sounding in fraud, unanimously affirmed, without costs.

The gravamen of plaintiff's complaint is that he was fraudulently induced by defendants to make an initial loan to the PCPS corporation and then consent to a merger between that corporation and the CTC corporation and accept a new promissory note and subordinated lien on the assets of the resulting merged corporate entity.

We affirm the striking of defendant's fifth affirmative defense, asserting the failure to state a cause of action, because plaintiff's claim of fraud was based upon an alleged misrepresentation of existing fact—the true value of the stock of the merged corporation, which was based, in part, upon alleged misrepresentations as to defendants' equity interests in the corporation to which plaintiff had initially made a loan and further, that the stock could and would be publicly traded *(see, Margrove Inc. v Lincoln First Bank,* 54 AD2d 1105, *appeal dismissed* 40 NY2d 1092).* Likewise, defendant's first affirmative defense, alleging that the complaint was barred by laches, was properly dismissed as the record fails to demonstrate delay in plaintiff's assertion of his right to an equitable lien or prejudice to defendant. *(See, Zaccaro v Congregation Tifereth Israel,* 20 NY2d 77, 80.)

Although this Court is empowered to "search the record" and dismiss a complaint upon the plaintiff having moved to strike a defendant's affirmative defense pursuant to CPLR 3211 (a) (7) *(see, Rand v Hearst Corp.,* 31 AD2d 406, 408, *affd* 26 NY2d 806) we choose not to do so in respect to defendant's claim that plaintiff has failed to establish an equitable lien. To do so would be more akin to a summary judgment motion, necessitating an evaluation of the claim, rather than the sufficiency of the pleadings. The documentary evidence relied upon by defendant is not so compelling as to demonstrate a deficiency in the pleadings to require dismissal *(see, Westchester Fed. Sav. & Loan Assn. v Secor Lake Camp,* 37 AD2d 615).* Concur—Rosenberger, J. P., Kupferman, Smith and Rubin, JJ.