GALASSO, LANGIONE & BOTTER, LLP, et al., Respondents, v THOMAS F. LIOTTI, Defendant/Third-Party Plaintiff-Appellant. FREDERICK K. BREWINGTON, Third-Party Defendant-Respondent. [917 NYS2d 664]—

In an action, inter alia, to recover damages for defamation, the defendant/third-party plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered May 16, 2008, as granted those branches of the plaintiffs' motion which were to dismiss his first, third, and tenth affirmative defenses, and granted the

third-party defendant's motion, inter alia, to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7), and (2), as limited by his brief, from so much of an order of the same court entered August 21, 2008, as denied that branch of his motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7), or for summary judgment dismissing the complaint, and as, upon renewal, adhered to the determination in the order entered May 16, 2008, granting those branches of the plaintiffs' motion which were to dismiss his first, third, and tenth affirmative defenses, and (3) an order of the same court dated November 3, 2008, which, after a hearing on the third-party defendant's motion to impose sanctions pursuant to 22 NYCRR 130-1.1, directed the entry of a judgment in favor of the third-party defendant and against him in the principal sum of $14,098.69, and (4), as limited by his brief, from so much of an order of the same court entered April 1, 2009, as denied that branch of his motion which was, in effect, for leave to reargue, among other things, his opposition to the third-party defendant's motion, inter alia, to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7).

Ordered that the appeal from the order entered April 1, 2009, is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the appeal from so much of the order entered May 16, 2008, as granted those branches of the plaintiffs' motion which were to dismiss the first, third, and tenth affirmative defenses, is dismissed, as that portion of the order was superseded by the order entered August 21, 2008, made upon renewal; and it is further,

Ordered that the order entered August 21, 2008, is modified, on the law, by deleting the provision thereof, upon renewal, adhering to the determination in the order entered May 16, 2008, granting that branch of the plaintiffs' motion which was to dismiss the first affirmative defense, and substituting therefor a provision, upon renewal, vacating so much of the order entered May 16, 2008, as granted that branch of that motion and denying that branch of the motion; as so modified, the order entered August 21, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered May 16, 2008, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated November 3, 2008, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs and the third-party defendant.

The plaintiff Peter J. Galasso, a partner in the plaintiff law firm Galasso, Langione & Botter, LLP (hereinafter GLB), represented Stephen Baron in his divorce action. Baron designated GLB as his escrow agent in June 2004, to hold almost $5 million in an escrow account. Peter J. Galasso's brother, Anthony Galasso, was GLB's bookkeeper. In January 2007, Anthony Galasso confessed that he had stolen approximately $4.4 million from the escrow account. The defendant/third-party plaintiff, Thomas F. Liotti, is a criminal defense attorney who represented Anthony Galasso in the criminal action against him. Anthony Galasso eventually pleaded guilty to all 22 counts charged in Nassau County indictment No. 2349N/2007 and, in his allocution, stated that the attorneys at GLB played no role in his crimes. Following Anthony Galasso's arraignment, Liotti made a statement to a reporter, which was published in the October 25, 2007, edition of Newsday, in effect, accusing the attorneys at GLB of "[d]ipping into company accounts." The plaintiffs commenced the instant action, inter alia, to recover damages for defamation. Thereafter, Liotti commenced a third-party action against the plaintiffs' attorney, Frederick K. Brewington, inter alia, to recover damages for defamation, abuse of process, and intentional infliction of emotional distress.

A party may move to dismiss a defense "on the ground that a defense is not stated or has no merit" (CPLR 3211 [b]). When moving to dismiss or strike an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is " 'without merit as a matter of law' " (*Greco v Christoffersen*, 70 AD3d 769, 771 [2010], quoting *Vita v New York Waste Servs., LLC*, 34 AD3d 559, 559 [2006]). "In reviewing a motion to dismiss an affirmative defense, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference" (*Fireman's Fund Ins. Co. v Farrell*, 57 AD3d 721, 723 [2008]; *see Courthouse Corporate Ctr. LLC v Schulman*, 74 AD3d 725, 727 [2010]; *Greco v Christoffersen*, 70 AD3d at 771; *Butler v Catinella*, 58 AD3d 145, 147-148 [2008]). "If there is any doubt as to the availability of a defense, it should not be dismissed" (*Federici v Metropolis Night Club, Inc.*, 48 AD3d 741, 743 [2008]).

Here, while the Supreme Court properly granted those branches of the plaintiffs' motion which were to dismiss the third and tenth affirmative defenses, it should have denied that branch of the plaintiffs' motion which was to dismiss the first affirmative defense, which alleged that the subject defamatory statement was true (*cf. Kamalian v Reader's Digest Assn., Inc.*,

29 AD3d 527, 528 [2006]). The plaintiffs failed to meet their burden of demonstrating that the first affirmative defense was not stated or had no merit as a matter of law (*see Family-Friendly Media, Inc. v Recorder Tel. Network*, 74 AD3d 738, 739 [2010]). In support of that branch of their motion which was to dismiss the first affirmative defense, the plaintiffs demonstrated that they were unaware that Anthony Galasso had been stealing money from the escrow account until he confessed thereto in January 2007. Upon renewal, however, Liotti proffered, inter alia, an affidavit by Anthony Galasso, wherein Anthony Galasso now stated that he was "directly ordered" by the plaintiffs Peter J. Galasso and James R. Langione to "falsify disbursement expenses for clients for the express purpose of making more money for Peter [J. Galasso] and James [R. Langione]."

The Supreme Court properly denied that branch of Liotti's motion which was for summary judgment dismissing the complaint on the ground that the plaintiffs were limited public figures and could not demonstrate actual malice (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The evidence submitted demonstrated that the plaintiffs did not voluntarily inject themselves into a particular public controversy (*see Gertz v Robert Welch, Inc.*, 418 US 323, 351 [1974]; *Guerrero v Carva*, 10 AD3d 105, 115 [2004]).

The Supreme Court properly granted Brewington's motion, inter alia, to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7). "Under CPLR 1007 third-party complaints are limited to a situation where a person not a party is or may be liable to defendant for all or part of the plaintiff's claim against him. The liability must be one rooted in indemnity or contribution" (*BRC Elec. Corp. v Cripps*, 67 AD2d 899, 900 [1979]). Here, the third-party complaint alleged, inter alia, causes of action to recover damages for defamation, abuse of process, and intentional infliction of emotional distress. Liotti, however, did not seek indemnification or contribution, and did not allege that Brewington was in any way responsible for the plaintiffs' injuries. Therefore, the Supreme Court correctly granted that branch of Brewington's motion which was to dismiss the third-party complaint on the ground that it was not permitted by CPLR 1007 (*see Dor Motors v Graphic Arts Mut. Ins. Co.*, 97 AD2d 455 [1983]). Additionally, the Supreme Court properly imposed sanctions against Liotti and directed the entry of a judgment in favor of Brewington and against Liotti in the principal sum of $14,098.69 (*see* 22 NYCRR 130-1.1 [c]; *Tornheim v Blue & White Food Prods. Corp.*, 73 AD3d 749, 750 [2010]).

To the extent that Liotti moved to vacate the prior orders, that branch of his motion was, in effect, for leave to reargue. No appeal lies from the denial of a motion for leave to reargue (*see* CPLR 2221 [d]; *Viola v Blanco*, 1 AD3d 506, 507 [2003]; *Sabetfard v Smith*, 306 AD2d 265, 266 [2003]; *Mgrditchian v Donato*, 141 AD2d 513 [1988]).

The parties' remaining contentions either are without merit or need not be considered in light of our determination. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur. **[Prior Case History: 2008 NY Slip Op 31490(U).]**