■ QOSINA CORP., Plaintiff, v C & N PACKAGING, INC., Defendant/Third-Party Plaintiff-Appellant, et al., Defendant. DOUG TICHY, Third-Party Defendant-Respondent. [948 NYS2d 308]—

In an action, inter alia, pursuant to CPLR article 71 for the recovery of chattel, the defendant/third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated December 13, 2010, as granted the third-party defendant's motion to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, the third-party defendant's motion to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7) is denied, and the third-party action is severed.

Qosina Corp. (hereinafter Qosina) commenced this action, inter alia, to recover certain chattels allegedly held by C & N Packaging, Inc. (hereinafter C & N). C & N asserted counterclaims against Qosina, alleging, among other things, that Qosina tortiously interfered with its relationship with one of its employees, Doug Tichy. C & N also commenced a third-party action pursuant to CPLR article 10 against Tichy, alleging that he

breached his duty of loyalty and his fiduciary obligations to C & N and that he tortiously interfered with the business relationship that C & N had established with Qosina.

Tichy moved to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7). By order dated December 13, 2010, the Supreme Court, inter alia, granted Tichy's motion to dismiss the third-party complaint. The Supreme Court concluded, in effect, that the third-party complaint failed to state a cause of action to recover damages for breach of a duty of loyalty or for tortious interference with a business relationship and that the third-party complaint was not permitted by CPLR 1007. C & N appeals from so much of the order as granted Tichy's motion to dismiss the third-party complaint, and we reverse the order insofar as appealed from.

Contrary to the Supreme Court's conclusion, the complaint adequately alleges a cause of action to recover damages for breach of a duty of loyalty. "[A]n employee owes a duty of good faith and loyalty to an employer in the performance of the employee's duties" (*Wallack Frgt. Lines v Next Day Express*, 273 AD2d 462, 463 [2000]; *see Lamdin v Broadway Surface Adv. Corp.*, 272 NY 133 [1936]; *Island Sports Physical Therapy v Burns*, 84 AD3d 878 [2011]; *30 FPS Prods., Inc. v Livolsi*, 68 AD3d 1101, 1102 [2009]). An employee owes his or her employer "undivided and unqualified loyalty and may not act in any manner contrary to the interests of the . . . employer" (PJI 3:59; *see* Restatement [Third] of Agency §§ 8.01, 8.03). An employee is also "required to make truthful and complete disclosures to those to whom a fiduciary duty is owed" (PJI 3:59; *see* Restatement [Third] of Agency § 8.11).

Here, the third-party complaint alleged that Tichy was employed by C & N and owed it a duty of good faith and loyalty. The third-party complaint further alleged that Tichy breached this duty by, inter alia, failing to disclose his actual relationship with Qosina and by acting for and on behalf of a competing business in a manner that was contrary to the interests of C & N. The third-party complaint also asserted that as a result of Tichy's breach of his duty of loyalty, C & N sustained damages. Contrary to Tichy's contention, at this stage of the pleadings, C & N need only plead allegations from which damages attributable to Tichy's alleged breach might be reasonably inferred (*see Kempf v Magida*, 37 AD3d 763, 764 [2007]; *InKine Pharm. Co. v Coleman*, 305 AD2d 151, 152 [2003]). Accepting all the facts alleged as true and according C & N the benefit of every favorable inference, the third-party complaint adequately stated a cause of action for breach of a duty of loyalty (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]).

Furthermore, the third-party complaint was adequate to state a cause of action sounding in tortious interference with a business relationship. "To make out a claim [of] tortious interference with business relationships, a plaintiff must show that the defendant interfered with the plaintiff's business relationships either with the sole purpose of harming the plaintiff or by means that were unlawful or improper" (*Nassau Diagnostic Imaging & Radiation Oncology Assoc. v Winthrop-University Hosp.*, 197 AD2d 563, 563-564 [1993]; *see Out of Box Promotions, LLC v Koschitzki*, 55 AD3d 575, 577 [2008]). Here, C & N alleged that Tichy interfered with its business relationship with Qosina by means that were improper. Accordingly, the third-party complaint adequately alleges a cause of action based on tortious interference with a business relationship (*see Leon v Martinez*, 84 NY2d at 87).

In sum, we conclude that the Supreme Court should not have directed dismissal of the third-party complaint for failure to state a cause of action to recover damages for breach of a duty of loyalty or for tortious interference with a business relationship.

We further conclude, contrary to Tichy's contention, that CPLR 1007 does not provide a proper basis for dismissal of the third-party complaint, but rather, under the circumstances of this case, the Supreme Court should have exercised its discretion to sever the third-party action from the main action.

CPLR 1007 provides that "a defendant may proceed against a person not a party who is or may be liable to that defendant for all or part of the plaintiff's claim against that defendant." The Court of Appeals has recognized that "[t]he language of CPLR 1007 serves only to identify the persons against whom a third-party claim may be brought" (*George Cohen Agency v Donald S. Perlman Agency*, 51 NY2d 358, 365 [1980]). "It places no limit upon the amount which may be recovered or upon the legal theories which may be asserted as a basis for the claim" (*id.*; *see JP Morgan Chase Bank, N.A. v Strands Hair Studio, LLC*, 84 AD3d 1173, 1174 [2011]).

Although the impleader language of CPLR 1007 has been liberally construed and "should not be read as allowing recovery solely for claims sounding in strict indemnity" (*George Cohen Agency v Donald S. Perlman Agency*, 51 NY2d at 365), the "third-party claim must be sufficiently related to the main action to at least raise the question of whether the third-party defendant may be liable to defendant-third-party plaintiff, for whatever reason, for the damages for which the latter may be liable to plaintiff" (*Zurich Ins. Co. v White*, 129 AD2d 388, 390

[1987] [internal quotation marks omitted]; *see Rausch v Garland*, 88 AD2d 1021, 1022 [1982]; *Long Is. Women's Health Care Assoc., M.D., P.C. v Haselkorn-Lomasky*, 10 Misc 3d 1068[A], 2005 NY Slip Op 52186[U] [2005]). In other words, "[t]he liability to be imposed upon a third-party defendant in a third-party action commenced pursuant to CPLR 1007 should 'arise from or be conditioned upon the liability asserted against the third-party plaintiff in the main action' " (*Lucci v Lucci*, 150 AD2d 649, 650 [1989], quoting *BBIG Realty Corp. v Ginsberg*, 111 AD2d 91, 93 [1985]; *see Galasso, Langione & Botter, LLP v Liotti*, 81 AD3d 880, 883 [2011]).

Here, the third-party complaint was not permitted by CPLR 1007 since it failed to state any cause of action arising from or conditioned upon the liability asserted against C & N in the main action (*see Galasso, Langione & Botter, LLP v Liotti*, 81 AD3d at 883; *Sklar v Garrett*, 195 AD2d 454, 454 [1993]; *Lucci v Lucci*, 150 AD2d at 650). However, the third-party complaint nevertheless stated causes of action to recover damages for breach of duty of loyalty and for tortious interference with contractual relations. Accordingly, although these causes of action were not sufficiently related to the allegations in the complaint to provide a proper basis for a third-party complaint under CPLR 1007, they nevertheless constituted proper grounds for an independent action. Under the circumstances of this case, rather than direct dismissal of the third-party complaint on the ground that it was not permitted by CPLR 1007, the Supreme Court should have exercised its discretion to sever the third-party action from the plaintiff's complaint (*see* CPLR 603, 1010; *Buttermark v Raymond F. Korber, Inc.*, 65 AD2d 587, 588 [1978]; *see also* 3-R1010 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 1010.06).

Accordingly, the third-party defendant's motion to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7) should have been denied and the third-party action should have been severed. In view of the foregoing, we need not reach the parties' remaining contentions. Angiolillo, J.P., Belen, Lott and Miller, JJ., concur.