■ Anthony Brown, Individually and as Administrator of the Estate of Sharline Orlinda Brown, Deceased, Respondent, v Lutheran Medical Center et al., Appellants. [968 NYS2d 526]—

In an action to recover damages for medical malpractice and wrongful death, etc., the defendants, Lutheran Medical Center and Maimonides Medical Center, separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated February 6, 2012, as granted those branches of the plaintiff's motion which were to strike certain affirmative defenses asserted in their respective answers.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In March 2007, the plaintiff's wife, Sharline Brown, allegedly sustained injuries as a result of the defendants' medical malpractice. In July 2009, the plaintiff commenced an action (here-

inafter the first action) individually and as proposed guardian ad litem for Sharline, seeking to recover, inter alia, damages for medical malpractice. While the first action was pending, Sharline died. More than a year later, and prior to any substitution of her estate as plaintiff, the Supreme Court dismissed the first action. The dismissal was denominated as being "with prejudice." Subsequently, the plaintiff was appointed as administrator of Sharline's estate, and, within six months after the first action was dismissed, he commenced the present action, as administrator and individually. In the present action, the plaintiff alleged a cause of action to recover damages for wrongful death in addition to the causes of action asserted in the first action. After the defendants separately answered the complaint, the plaintiff moved to dismiss their affirmative defenses of res judicata, collateral estoppel, and the statute of limitations, and the affirmative defense, asserted only by the defendant Maimonides Medical Center (hereinafter Maimonides), of laches. The Supreme Court granted the plaintiff's motion, and the defendants separately appeal.

The record makes clear that, notwithstanding its denomination of the dismissal of the first action as "with prejudice," the Supreme Court did not intend to preclude the plaintiff from commencing a new action once he acquired the capacity to sue, which he purportedly lacked when he commenced the first action (see CPLR 3211 [a] [3]). Consequently, as the Supreme Court stated in the order appealed from, the dismissal of the first action was not a final judgment on the merits and it was not preclusive, under either res judicata or collateral estoppel, of claims or issues in the present action (cf. Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 93 NY2d 375, 379-380 [1999]). Thus, the court properly granted that branch of the plaintiff's motion which was to dismiss the affirmative defenses of res judicata and collateral estoppel.

The Supreme Court also properly granted that branch of the plaintiff's motion which was to dismiss the affirmative defense of the statute of limitations, inasmuch as the plaintiff was entitled to the six-month extension of the statute of limitations provided under CPLR 205 (a) (see Carrick v Central Gen. Hosp., 51 NY2d 242, 249 [1980]; George v Mt. Sinai Hosp., 47 NY2d 170, 174-175 [1979]; Egan v Neghavi, 84 AD3d 1014, 1014 [2011]).

Finally, the Supreme Court properly granted that branch of the plaintiff's motion which was to dismiss Maimonides' affirmative defense of laches. In opposition to the plaintiff's showing as to the lack of prejudice to Maimonides from any delay in the

appointment of a proper party to assert Sharline's claims (*see Dwyer v Mazzola*, 171 AD2d 726, 727 [1991]), Maimonides failed to demonstrate the possibility of prejudice from that delay (*see Rosenfeld v Rosenblum*, 176 AD2d 645, 646 [1991]; *cf. Galasso, Langione & Botter, LLP v Liotti*, 81 AD3d 880, 882-883 [2011]). Balkin, J.P., Leventhal, Lott and Sgroi, JJ., concur. ▮