U.S. Bank N.A. v Beymer (2018 NY Slip Op 03600)





U.S. Bank N.A. v Beymer


2018 NY Slip Op 03600


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Acosta, P.J., Tom, Mazzarelli, Kern, Singh, JJ.


850236/13 6606A 6606

[*1] U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Trust 2006-A6, Plaintiff-Appellant,
v
John M. Beymer, also known as John Beymer, et al., Defendants-Respondents, Board of Managers of 50 Pine Street Condominium-50 Pine Street Associates, LLC, et al., Defendants.


Parker Ibrahim & Berg LLC, New York (Ben Z. Raindorf of counsel), for appellant.
Sanders, Gutman & Brodie, P.C., Brooklyn (D. Michael Roberts of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered February 1, 2017, which, to the extent appealed from as limited by the briefs, denied the motion for summary judgment of plaintiff U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Trust 2006-A against defendants John M. Beymer (Beymer) and Barbara Bruno (Bruno) (together, the individual defendants), and granted the individual defendants' cross motion to dismiss the complaint without prejudice, unanimously affirmed, with costs. Appeal from order, entered on or about August 18, 2016, unanimously dismissed, without costs, as abandoned.
The complaint was properly dismissed because plaintiff failed to establish that it gave proper notice of the foreclosure action to the individual defendants under RPAPL § 1304 as the notice of default was not mailed to the individual defendants' correct address.
Plaintiff's main argument — that RPAPL § 1304 is inapplicable because the loan at issue was not a "home loan" — is not reviewable because it has been raised for the first time on appeal (Nexbank, SSB v Soffer, 144 AD3d 457, 460 [1st Dept 2016]; compare HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822 [2d Dept 2017]).
Regardless, even assuming the inapplicability of RPAPL § 1304, the order would still be affirmed because plaintiff also failed to establish that it provided notice of default to the individual defendants prior to bringing the 2013 foreclosure action in the manner required by the loan documents (Westchester Fed. Sav. & Loan Assn. v Secor Lake Camp, 37 AD2d 615, 616 [2d Dept 1971]). It is undisputed that plaintiff did not send the notices related to this action to the individual defendants at their current residence in California, of which plaintiff had actual knowledge.
Further, while the IAS Court did not address the issue, plaintiff's summary judgment motion could have been properly denied, and the individual defendants' dismissal motion granted, based on the pendency of two simultaneous foreclosure actions in contravention of RPAPL § 1301. As it is undisputed that the 2008 foreclosure action was pending at the time the 2013 foreclosure action was brought, and that plaintiff did not seek leave of court before doing so, the complaint was subject to dismissal for this reason alone (Aurora Loan Servs., LLC v Spearman, 68 AD3d 796, 796-797 [2d Dept 2009]). Plaintiff's arguments contesting the applicability of RPAPL § 1301(3) — most notably, because the 2008 foreclosure action was [*2]dismissed prior to the relevant motion practice in the 2013 foreclosure action — are not grounded in legal support or authority.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK