Bank of N.Y. Mellon v Adam Pl0tch LLC (2018 NY Slip Op 04431)





Bank of N.Y. Mellon v Adam Pl0tch LLC


2018 NY Slip Op 04431


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Mazzarelli, Moulton, JJ.


6875 850163/14

[*1]The Bank of New York Mellon, formerly known as The Bank of New York as Trustee for the Certificate Holders CWALT, Inc., etc., Plaintiff-Respondent,
v
Adam Pl0tch LLC, Defendant-Appellant, Board of Managers of Octavia Condominium, et al., Defendants.


Paula A. Miller, P.C., Smithtown (Paula A. Miller of counsel), for appellant.
Day Pitney LLP, New York (Rachel G. Packer of counsel), for respondent.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered January 13, 2017, which, to the extent appealed from, granted plaintiff's motion for summary judgment on its foreclosure complaint and denied defendant Adam Pl0tch LLC's cross motion to dismiss the complaint or to amend its answer, unanimously affirmed, with costs.
Plaintiff established its standing to foreclose the mortgage by attaching a copy of the blank-endorsed note to the complaint, demonstrating that it had physical possession of the note prior to the commencement of this action in April 2014 (see Deutsche Bank Natl. Tr. Co. v Logan, 146 AD3d 861, 862-863 [2d Dept 2017]). Moreover, plaintiff submitted an affidavit by an assistant vice president for servicing of plaintiff's servicer, which set forth the factual details of the physical delivery of the note and was accompanied by a copy of the note itself (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 359-360 [2015]).
The court properly concluded that, although a foreclosure action commenced in 2009 was pending at the time this action was commenced, under the circumstances, RPAPL 1301(3) did not require that this action be dismissed. The prior foreclosure action had effectively been abandoned, and was formally discontinued shortly after this action was commenced. Allowing plaintiff to maintain this action is not inconsistent with the purpose of the statute, which should be strictly construed (see Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d 804, 805 [2d Dept 2015]; cf. U.S. Bank N.A. v Beymer, 2018 NY Slip Op 03600 [1st Dept 2018] [noting in dicta that foreclosure action could have been dismissed pursuant to RPAPL 1301[3]).
We reject defendant's argument that plaintiff's mortgage on the property was extinguished by the issuance of a judgment in an earlier foreclosure action brought by defendant Board of Managers of Octavia Condominium. Defendant's contention that plaintiff "elected its remedy" by agreeing to accept the proceeds of the sale in that action, rather than maintaining the ability to enforce its mortgage independently through this action, is belied by the documents in the record, including the judgment itself, providing that plaintiff's mortgage was to survive the foreclosure and that any sale of the property would be "subject to" that mortgage, and by the fact that plaintiff did not actually receive the proceeds of the sale.
The court properly declined to permit defendant to amend its answer a second time to include palpably insufficient defenses.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK