L&M Pilates Brooklyn Mgmt, LLC v Lerner (2024 NY Slip Op 50344(U))

[*1]

L&M Pilates Brooklyn Mgmt, LLC v Lerner

2024 NY Slip Op 50344(U)

Decided on March 28, 2024

Supreme Court, Kings County

Boddie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 28, 2024
Supreme Court, Kings County

L&M Pilates Brooklyn Mgmt, LLC, Plaintiff,

against
Milla Lerner, Defendant.

Index No. 535833/2023

Plaintiff's attorney: Ivan Ross Novich, Esq. and Tyler Allan Sims, Esq. of Littler Mendelson, P.C., 1085 Raymond Blvd Fl 8, Newark, NJ 07102, phone: (973) 848-4747
Defendant's attorney: Anthony G Mango, Esq. of Mango & Iacoviello, LLP, 14 Penn Plaza, Suite 1919, New York, NY 10122, phone: (212) 695-0494

Reginald A. Boddie, J.

The following e-filed papers read herein:     
NYSCEF Doc Nos.
        MS 1                                                             5-16
Defendant's motion seeking an order dismissing the complaint on the grounds that the subject independent contractor agreement is unenforceable is decided as follows: 
Plaintiff L&M Pilates Brooklyn Mgmt, LLC ("L&M" or "plaintiff"), an operator of three Club Pilates studios in Brooklyn, brings this action against defendant, Milla Lerner ("Lerner"), for Lerner's alleged violation of a non-compete and non-solicitation clause contained in the parties' Independent Contractor Agreement dated June 13, 2022 (hereinafter "Agreement"). As an independent contractor, Lerner provided services as a pilates instructor, among other things, for plaintiff. On or around October 6, 2023, plaintiff terminated the Agreement due to Lerner's alleged business activities in violation of the Agreement. Specifically, plaintiff alleges that Lerner began promoting her new pilates studio, Elements, while under contract with plaintiff. [*2]Further, that Lerner informed plaintiff's clients of her new studio while employed and suggested that they follow her on social media to see updates on Lerner's new studio.
The relevant provision in the Agreement that plaintiff seeks to enforce provides:
"The Independent Contractor may not engage in business activities provided within a 4-mile radius of each of the following locations: Club Pilates Kings Highway (485 Kings Hwy, Brooklyn, NY 11223), Club Pilates Bay Ridge (540 86th St, Brooklyn, NY 11209), Club Pilates Sheepshead Bay (1635 Sheepshead Bay, Brooklyn, NY 11235). Independent Contractor shall not during the term of this Agreement and for 1 year thereafter, solicit the Employers employees, clients, accounts, or other related business endeavors of the Employer" (NYSCEF Doc. No. 7, 6).
On December 7, 2023, plaintiff commenced this action asserting three causes of action against Lerner: (1) breach of contract; (2) breach of the duty of loyalty; and (3) unfair competition. In moving to dismiss the complaint, Lerner argues that the Agreement is unenforceable because the subject non-compete clause contains no temporal limits regarding Lerner's ability to engage in business activities within a four-mile radius of any of plaintiff's studios. Regarding plaintiff's allegation that a one-year restriction applies, Lerner submits that the clear wording of the Agreement contains no temporal restrictions for the non-compete and that the one-year restriction only applies to the non-solicitation provision. Lerner also points out that, on or around October 6, 2023, plaintiff, through its counsel, sent Lerner a cease-and-desist letter which highlighted that the Agreement's "geographical restriction is ongoing and does not terminate at the end of a specified period of time" (NYSCEF Doc. No. 9). 
In addition, Lerner argues that customer lists for a pilates studio is not considered confidential information that warrants trade secret protection. Moreover, Lerner points out that the complaint alleges that she violated the Agreement by posting an announcement on her social media on October 13, 2023, that she was opening a new pilates studio. However, that Lerner was terminated on October 6, 2023, one week before she posted on her publicly accessible social media page. As such, Lerner contends that plaintiff's claims for breach of contract and breach of the duty of loyalty should be dismissed.
Finally, Lerner argues that the unfair competition claim should also be dismissed because opening a competing business does not rise to the level of unfair competition, particularly in the absence of an enforceable non-competition agreement. Additionally, since there is no allegation of bad faith misappropriation of proprietary information or trade secrets, Lerner argues that the unfair competition claim is meritless.
In opposition, plaintiff contends that the Agreement's restrictive covenants are reasonable and that the one-year temporal limit applies to both the non-compete and the non-solicitation. Plaintiff submits that Lerner's reading of the Agreement is unreasonable and evades basic contract principles. Even if the court found that the Agreement is open to more than one interpretation, plaintiff insists that the court deny Lerner's motion and permit discovery on the issue. Further, plaintiff contends that its asserted interest in protecting its customer relationships, goodwill, and reputation is supported under the law and that any further inquiry as to what constitutes plaintiff's "legitimate business interest" is a question of fact, rendering Lerner's motion to dismiss improper.
Moreover, plaintiff argues that its breach of the duty of loyalty claim is independent of the breach of contract claim and supported by separate facts. Specifically, that the complaint [*3]alleges Lerner was contracted, and highly compensated, by L&M to provide certain services, including pilates classes, workshops, events, and social media, and to recruit other fitness instructors. Instead of performing these services for the benefit of L&M, that Lerner exploited her employment to serve a competing business. Further, that Lerner not only posted on her publicly available social media page about her new competing business, but that she directed L&M's clients during and after teaching classes to follow her on social media and to watch for information on her new competing studio.
Finally, plaintiff argues that it has adequately plead its unfair competition claim insofar as the complaint alleges Lerner misappropriated the goodwill and reputation associated with L&M and its competitive advantage to advertise Lerner's competing business and lure away L&M's customers. Even more, that Lerner inevitably used the skills, experience, and knowledge developed while working for L&M to then unfairly compete against L&M.
In reply, Lerner asserts that plaintiff is trying to "muddy the water" by asserting a purported ambiguity in the Agreement that does not exist to avoid a determination that the non-compete is unenforceable as written. Lerner also emphasizes that there is no protectable business interest articulated by plaintiff since plaintiff's customer information is available to the public and readily ascertainable, and that the nature of its business, i.e., pilates instruction, is not proprietary or so unique that it is worthy of protection. Based on the same reasoning, namely that plaintiff has failed to allege a protectable business interest, Lerner asserts that plaintiff's remaining claims for breach of the duty of loyalty and unfair competition must be dismissed.
 Discussion
"On a motion to dismiss [pursuant to CPLR 3211 (a) (7)], the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d 672, 673 [2d Dept 2014] [citations omitted]). 
It is well established that "a restrictive covenant will only be subject to specific enforcement to the extent that it is reasonable in time and area, necessary to protect the employer's legitimate interests, not harmful to the general public and not unreasonably burdensome to the employee" (R&G Brenner Income Tax Consultants v Fonts, 206 AD3d 943, 945 [2d Dept 2022] [citing BDO Seidman v Hirshberg, 93 NY2d 382, 3894 [1999]). In considering an employer's "legitimate interests," "a court normally will not decree specific enforcement of an employee's anticompetitive covenant unless necessary to protect the trade secrets, customer lists or good will of the employer's business, or perhaps when the employer is exposed to special harm because of the unique nature of the employee's services" (American Broadcasting Cos. v Wolf, 52 NY2d 394, 403 [1981]).
Here, the subject non-compete provision has no temporal duration. Although plaintiff alleges that a one-year duration applies, the Agreement is clear that the one-year limitation is associated only with the non-solicitation. "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (MP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 838 [2d Dept 2016]). Moreover, before commencement of the instant action, it is clear that plaintiff also viewed the Agreement's non-compete language as suffering no time limitation, as evidenced by its articulated position in the cease-and-desist letter. As the non-compete clause is unlimited in duration, it is unenforceable. 
With regard to the alleged breach of the non-solicitation, which is temporally limited, [*4]Lerner fails to establish that such claim must be dismissed. Lerner does not contend that the temporal limit is unreasonable. Rather, Lerner argues that plaintiff fails to articulate a legitimate business interest. However, plaintiff alleges a legitimate interest in the client relationships that Lerner acquired through her performance as a pilates instructor during the course of her employment with L&M (see BDO Seidman v Hirshberg, 93 NY2d at 391-392). This is sufficient to withstand a motion to dismiss.
Turning then to plaintiff's second cause of action for breach of the duty of loyalty, an "employee owes a duty of good faith and loyalty to an employer in the performance of the employee's duties" (Qosina Corp. v C & N Packaging, Inc., 96 AD3d 1032, 1033 [2d Dept 2012] [citations omitted]) and "may not act in any manner contrary to the interests of the . . . employer" (id. [citations omitted]). Here, the complaint adequately states a claim for breach of a duty of loyalty insofar as plaintiff alleges, in sum and substance, that Lerner promoted her new competing studio to L&M's clients while in the employ of L&M.
As for plaintiff's claim for unfair competition, the complaint fails to state a claim for same. "A cause of action based on unfair competition may be predicated upon trademark infringement or dilution in violation of General Business Law §§ 360-k and 360- l, or upon the alleged bad faith misappropriation of a commercial advantage belonging to another 'by exploitation of proprietary information or trade secrets'" (Out of Box Promotions, LLC v Koschitzki, 55 AD3d 575, 866 NYS2d 677 [2d Dept 2008] [quoting Beverage Mktg. USA, Inc. v South Beach Beverage Co., Inc., 20 AD3d 439, 440 [2d Dept 2005]). To make out a legally viable claim for unfair competition, a plaintiff must allege that defendants misappropriated the plaintiff's labor, skill, expenditures, or good will, and displayed some element of bad faith in doing so (see Parekh v Cain, 96 AD3d 812, 816 [2d Dept 2012]). Here, the factual allegations fail to set forth the requisite showing of bad-faith misappropriation of a commercial advantage. Additionally, the unfair competition claim is duplicative of the breach of the non-solicitation. As such, the third cause of action is dismissed.
Based on the foregoing, defendant Lerner's motion to dismiss the complaint is granted to the extent that plaintiff's breach of contract claim premised on the Agreement's non-compete and unfair competition cause of action are dismissed. The motion is otherwise denied.
This matter is hereby scheduled for a virtual preliminary conference on May 21, 2024 at 9:15 AM. The parties will receive a Teams link for the conference. 
E N T E R:
Honorable Reginald A. Boddie
Justice, Supreme Court