25-86 41st St., LLC v Chong (2025 NY Slip Op 00938)

25-86 41st St., LLC v Chong

2025 NY Slip Op 00938

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-03064
 (Index No. 704854/21)

[*1]25-86 41st Street, LLC, plaintiff third-party plaintiff-appellant, 
v
Brian Chong, defendant; Reich & Tang Deposit Networks, LLC, third-party defendant-respondent, et al., third-party defendant.

The Brualdi Law Firm, P.C., New York, NY (John F. Keating, Jr., of counsel), for plaintiff third-party plaintiff-appellant.
Foley Hoag LLP, New York, NY (Jiun-Wen Teoh of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action, inter alia, for common-law indemnification and contribution and to recover damages for trespass to land, nuisance, and waste, the plaintiff third-party plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered March 21, 2022. The order, insofar as appealed from, granted those branches of the motion of the third-party defendant Reich & Tang Deposit Networks, LLC, which were pursuant to CPLR 3211(a)(7) to dismiss the first, second, fourth, fifth, and sixth causes of action in the third-party complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff third-party plaintiff, 25-86 41st Street, LLC (hereinafter 41st Street), owns and operates a residential apartment building located in Astoria. In March 2021, 41st Street commenced this action asserting causes of action against its former tenant, the defendant, Brian Chong, to recover damages, inter alia, for trespass to land, nuisance, and waste. In his answer, Chong asserted counterclaims against 41st Street, among other things, alleging breach of the implied warranty of habitability and unjust enrichment.
Thereafter, in November 2021, 41st Street commenced a third-party action against the third-party defendant Reich & Tang Deposit Networks, LLC (hereinafter R & T), which was alleged to be Chong's employer during the period of Chong's tenancy in the apartment, and another third-party defendant. In particular, the third-party complaint asserted causes of action against R & T, inter alia, for common-law indemnification and contribution and to recover damages for trespass to land, nuisance, and waste. In support of its third-party claims, 41st Street alleged that R & T consented to Chong using the apartment as his permanent workspace and, therefore, R & T assumed tenant-in-possession and common-law duties with respect to the property, in addition to a duty to provide Chong with a safe workplace within the apartment. Thereafter, R & T moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the first, second, fourth, fifth, and sixth causes of action in the third-party complaint insofar as asserted against it. In an order entered March 21, 2022, the [*2]Supreme Court granted those branches of the motion. 41st Street appeals.
"In assessing the adequacy of a complaint under CPLR 3211(a)(7), the court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff 'the benefit of every possible favorable inference'" (TV Tech Mgrs., Inc. v Cohen, 227 AD3d 838, 839, quoting J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334). "However, 'allegations consisting of bare legal conclusions . . . are not entitled to any such consideration'" (Doe v Hauppauge Union Free Sch. Dist., 213 AD3d 809, 810, quoting Simkin v Blank, 19 NY3d 46, 52).
"[C]ommon-law indemnification . . . involves an attempt to shift the entire loss from one who is compelled to pay for a loss, without regard to his own fault, to another person who should more properly bear responsibility for that loss" (Morris v Home Depot USA, 152 AD3d 669, 672 [internal quotation marks omitted]). "The key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is a separate duty owed the indemnitee by the indemnitor" (Santoro v Poughkeepsie Crossings, LLC, 180 AD3d 12, 16 [internal quotation marks omitted]). "The predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee" (De Heras v Avant Gardner, LLC, 224 AD3d 883, 884 [internal quotation marks omitted]).
Here, the third-party complaint failed to state a cognizable theory of liability that would give rise to vicarious liability on the part of 41st Street for the wrongdoing of R & T. Therefore, 41st Street failed to state a cause of action for common-law indemnification against R & T. Moreover, the cause of action for common-law indemnification also fails because the counterclaims asserted against 41st Street for which it sought indemnification were premised upon 41st Street's wrongdoing, and not upon R & T's wrongdoing (see Board of Mgrs. of Olive Park Condominium v Maspeth Props., LLC, 170 AD3d 645, 647; Desena v North Shore Hebrew Academy, 119 AD3d 631, 635). Accordingly, the Supreme Court properly granted that branch of R & T's motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action in the third-party complaint, for common-law indemnification, insofar as asserted against it.
"To sustain a third-party cause of action for contribution, a third-party plaintiff is required to show that the third-party defendant owed it a duty of reasonable care independent of its contractual obligations, [if any,] or that a duty was owed to the plaintiffs as injured parties and that a breach of that duty contributed to the alleged injuries" (Santoro v Poughkeepsie Crossings, LLC, 180 AD3d at 17 [internal quotation marks omitted]). In other words, under the latter theory of contribution, "[a]ll that is required . . . is that two people be held liable for the same . . . injury" (id. [internal quotation marks omitted]).
Here, the third-party complaint failed to provide any factual support for 41st Street's conclusion that R & T owed or assumed a duty toward 41st Street. The third-party complaint also failed to provide any facts supporting a theory that R & T had contributed to Chong's injuries, which injuries purportedly stemmed from 41st Street's breach of the implied warranty of habitability. Accordingly, the Supreme Court properly granted that branch of R & T's motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action in the third-party complaint, for contribution, insofar as asserted against it.
The Supreme Court also properly granted those branches of R & T's motion which were pursuant to CPLR 3211(a)(7) to dismiss the fourth, fifth, and sixth causes of action in the third-party complaint, to recover damages for trespass to land, nuisance, and waste, respectively, insofar as asserted against it. Contrary to 41st Street's, contentions, those third-party claims were "not permitted by CPLR 1007 since [they] failed to state any cause of action arising from or conditioned upon the liability asserted against [41st Street] in the main action" (Qosina Corp. v C & N Packaging, Inc., 96 AD3d 1032, 1035; see Galasso, Langione & Botter, LLP v Liotti, 81 AD3d 880, 883).
41st Street's remaining contentions are without merit.
Accordingly, we affirm the order insofar as appealed from.
MILLER, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court