A Real Advantage, Inc. v Renu Contr. & Restoration, Inc. (2025 NY Slip Op 04531)

A Real Advantage, Inc. v Renu Contr. & Restoration, Inc.

2025 NY Slip Op 04531

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-01200
 (Index No. 621510/17)

[*1]A Real Advantage, Inc., respondent, 
v
Renu Contracting and Restoration, Inc., etc., appellant.

Cotter Law Group, Manhasset, NY (Jesse C. Cotter and Scott B. MacLagan of counsel), for appellant.
Steven M. Feinberg, Esq., LLC (Abrams Fensterman, LLP, White Plains, NY [Robert A. Spolzino, Lisa Colosi Florio, Aaron Zucker, Steven T. Still, and William V. Coleman], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated January 26, 2022. The order denied the defendant's motion for leave to amend its answer and counterclaim.
ORDERED that the order is affirmed, with costs.
In 2015, the plaintiff contracted with the defendant to perform work as a subcontractor on several construction projects. The plaintiff commenced this action in November 2017, asserting, inter alia, a cause of action sounding in breach of contract, alleging that the defendant refused to pay the full balance owed. The defendant answered the complaint and asserted a counterclaim that the plaintiff had breached the subject contracts.
In September 2018, the parties entered into a stipulation and preliminary conference order requiring, among other things, that all impleader motions to amend pleadings or to add parties must be completed on or before March 9, 2019. In October 2021, the defendant moved for leave to amend its answer and counterclaim, seeking to add an additional counterclaim defendant and to assert six additional counterclaims based on an alleged fraudulent scheme. Specifically, the defendant alleged that the proposed additional counterclaim defendant, William Jette, an employee of the plaintiff at all relevant times, conspired with the plaintiff to defraud the defendant by fabricating documents in an attempt to receive payment for work and materials that were never furnished. The Supreme Court denied the defendant's motion, determining that it was untimely under the stipulation and preliminary conference order. The defendant appeals, contending that its motion was not an impleader motion subject to the March 9, 2019 deadline.
"A so-ordered stipulation is a contract between the parties thereto and as such, is binding on them and 'will be construed in accordance with contract principles and the parties' intent'" (Aivaliotis v Continental Broker-Dealer Corp., 30 AD3d 446, 447, quoting Serna v Pergament Distribs., 182 AD2d 985, 986). As in the interpretation of any contract, "the document must be read as a whole to determine the parties' purpose and intent, giving a practical interpretation to the language employed so that the parties' reasonable expectations are realized" (Snug Harbor Sq. Venture v Never Home Laundry, 252 AD2d 520, 521).
Contrary to the defendant's contention, its motion for leave to amend its answer and counterclaim was an impleader motion subject to the March 9, 2019 deadline in the stipulation and preliminary conference order. "The Court of Appeals has recognized that the language of CPLR 1007 serves only to identify the persons against whom a third-party claim may be brought. It places no limit upon the amount which may be recovered or upon the legal theories which may be asserted as a basis for the claim" (Qosina Corp. v C & N Packaging, Inc., 96 AD3d 1032, 1034 [brackets, citation, and internal quotation marks omitted]). "Impleader is available even if the impleaded party owes no duty whatsoever to the primary plaintiff" (Sunbelt Rentals, Inc. v Tempest Windows, Inc., 94 AD3d 1088, 1089 [internal quotation marks omitted]), provided that the third-party claim is "sufficiently related to the main action to at least raise the question of whether the third-party defendant may be liable to defendant-third-party plaintiff, for whatever reason, for the damages for which the latter may be liable to plaintiff" (Qosina Corp. v C & N Packaging, Inc., 96 AD3d at 1034 [internal quotation marks omitted]).
Here, the defendant's proposed claims that Jette and the plaintiff orchestrated a scheme to defraud the defendant are intertwined with the breach of contract cause of action in the main action. Thus, the alleged fraudulent scheme is sufficiently related to the main action to at least raise the question of whether Jette may be liable to the defendant for the damages for which the defendant may be liable to the plaintiff (see id. at 1034-1035), making the defendant's motion for leave to amend its answer and counterclaim to add Jette as an additional counterclaim defendant and to assert additional counterclaims an impleader motion in this matter. Accordingly, the Supreme Court properly determined that the defendant's motion was untimely based upon the unambiguous language of the stipulation and preliminary conference order, which created a deadline of March 9, 2019, for impleader motions to amend pleadings or add parties.
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court